## POWELL against SMITH.

ALBANY,
August, 1811.

POWELL
v.
SMITH.

THIS was an action of *assumpsit*. The declaration contained three counts. The first count stated that the defendant, on the 20th *July*, 1807, was indebted to *Pennoyer & Colden*, in the sum of 478 dollars and 41 cents, for which the defendant, on the 26th *July*, gave his promissory note, payable in 60 days after date; and in consideration that the plaintiff, at the special instance and request of the defendant, would execute the said note with the defendant, as security to the said *Pennoyer & Colden*, the defendant then and there undertook and promised to take up the note when it was due, and to save harmless and indemnify the plaintiff from all damages and costs he might sustain, by reason of signing the said note, &c. The plaintiff averred that he did sign the note, &c.; yet the defendant did not take up nor pay the said note, nor save the plaintiff harmless, &c. but that *Pennoyer & Colden* brought a suit on the note in the court of common pleas, in *Duchess* county, against the plaintiff, as impleaded with the defendant, and the plaintiff was arrested, but the defendant was not taken, and did not appear, and *Pennoyer & Colden*, in *January*, 1810, obtained a judgment on the note against the plaintiff for 211 dollars and 3 cents, damages and costs; and that the plaintiff was taken on a *ca. sa.* issued on the judgment the 15th of *March*, 1810, and confined in the gaol of *Duchess* county, &c. of all which the defendant had notice, &c.

The second count was like the first, with the addition, that by means of the premises the defendant became liable to pay to the plaintiff the amount of the said judgment;

A. gave a promissory note to B. payable in 60 days, and in consideration that C., at the request of A., would also sign the note, as surety, A. undertook and promised to take up the note when it became due, and to *indemnify* C. and save him *harmless* from all damages and costs, which he might sustain by reason of signing the note, &c. and A. did not take up the note, &c.; but C. was sued by B. who recovered a judgment against him, on which C. was taken in execution and committed to prison. In an action of *assumpsit* brought by C against A. the latter pleaded that C. was discharged from his imprisonment under the execution, by virtue of the act for the relief of debtors, &c. and had never paid the note, or the judgment against him, or any part thereof, &c. On *demurrer*, the plea was held bad, and that the plaintiff was entitled to recover on the promise to indemnify.

A surety, *qua* surety, cannot call on his principal, at law, until he has actually paid the money. And where no promise to indemnify was proved, nor the payment of any money by the surety, though he had been sued and charged in execution for the debt of the principal, but afterwards discharged under the insolvent act, he was held not entitled to recover in an action against the principal.

ALBANY,
August, 1811.

POWELL
v.
SMITH.

and being so liable, in consideration thereof, undertook and promised to pay the same to the plaintiff, &c.

The *third* count was for money paid, and money lent, and money had and received to the use of the plaintiff.

The defendant pleaded, 1. *Non assumpsit,* on which issue was joined; 2d. As to the first and second counts, that the plaintiff, on the 25th *June,* 1810, pursuant to an act of the legislature for the relief of debtors, with respect to the imprisonment of their persons, passed the 24th of *March,* 1810, was discharged from his imprisonment under the said *ca. sa.* by the court of common pleas of *Duchess* county, and that the plaintiff has never paid the said note or judgment, or any part thereof, &c.

To the second plea there was a general demurrer and joinder.

The cause was tried, on the general issue, at the *Duchess* circuit, in *September,* 1810, when a verdict was, by consent, taken for the plaintiff, subject to the opinion of the court on a case.

At the trial the facts stated in the first count were proved; but no *promise* to save harmless or indemnify the plaintiff, was shown or proved.

A motion was made to set aside the verdict and for a new trial, which, with the *demurrer,* was submitted to the court, without argument.

*Per Curiam.* Two questions are presented to the court. The one relates to the validity of the second plea, and the other respects the rule or measure of damages upon the facts disclosed at the trial.

1. The plea is clearly bad. The declaration not only charges the defendant with promising to take up the note, which the plaintiff signed as surety, but also *to indemnify and save harmless* the plaintiff from all cost and damage in consequence of his becoming surety in the note. It also states a special harm and damage by being sued

upon the note, and charged in execution. The fact of the plaintiff's discharge from imprisonment, as an insolvent debtor, was no answer to this charge, or compensation for this injury. He was certainly entitled to recover on the promise of indemnity.

2. The only serious question in the case is, what ought to be the rule of damages. There was no proof at the trial of any promise to save harmless, and the plaintiff must recover, if at all, upon the simple fact of having signed a note as surety for the defendants, and of having been sued upon it, and charged in execution. The case of *Chilton & Whiffin* v. *Cromwell* (3 *Wils.* 13.) has been referred to, as somewhat analogous. The declaration in that case stated, that the plaintiff had accepted a bill drawn on him by a partner of the defendant, under a promise by the defendant to take up the bill when due, and to save the plaintiff harmless; that the bill was not taken up, and the plaintiff was sued upon his acceptance, and was charged in execution when he brought the suit. It did not appear that he had paid the money, or any part of it, and the court of C. B. held that he was entitled to recover the amount of the judgment, and that being charged in execution was the same thing for him as payment of the debt and costs. The promise of indemnity was enough to support the action in that case, but there appears to be much difficulty in applying to this case, the position, that the being charged in execution was payment of the debt. It would not be true in its application here. The imprisonment of the surety on a *ca. sa.* is no satisfaction to the creditor for his debt, or discharge of the principal debtor. (*Blumfield's* case, 5 *Co.* 86. b. *Peacock* v. *Jeffery*, 1 *Taunt.* 426.) If the plaintiff has not, in fact, paid the debt, the defendant is still answerable to the payees of the note, for whatever sum remains due thereon. Suppose a surety is taken on *ca. sa.* for a debt of 10,000 dollars, and discharged the next day, under the insolvent act, is he entitled to recover that whole sum of his prin-

cipal, without ever having paid a cent of it, and when the principal may be obliged to pay the sum also to the original creditor? This would not be reasonable, and cannot be the true rule of law. The surety is entitled to recover as much of the debt as he has paid, and no more. The plaintiff did not, upon the trial, show any contract or promise of indemnity against trouble and harm. He showed nothing more than that he had become surety in a note for the defendant, and that having omitted to take it up when it fell due, he had been sued and imprisoned. This fact alone did not entitle him to recover. A surety, *qua* surety, cannot call upon his principal, at law, until he has actually paid the money. The law then raises the *assumpsit*, and the form of the action is an *indebitatus assumpsit* for the money paid, and not on a promise to indemnify. (*Cowp.* 525. 1 *Term Rep.* 599. 2 *Term Rep.* 100. 2 *Esp. N. P.* 528.) The court, in the case in *Wilson*, agree that there was no debt due or owing from the principal to the surety, *until he was charged in execution.* And we cannot see how that additional circumstance should create the debt, as it was neither a payment to the creditor, nor a discharge to the principal debtor. The case of principal and surety in a note or obligation to a third person, has no analogy to that of a principal and bail in a suit at law; and the doctrine in *Smith* v. *Rosecrantz*, (6 *Johns. Rep.* 97.) is altogether inapplicable. The latter is a technical rule, founded on the nature of the recognisance of bail under which the taking of one is the discharge of the other. This is not so, as to the relation of principal and surety. They are equally debtors to the plaintiff; and it was a principle acknowledged as far back as the *Roman* law, (*Inst.* lib. 4. tit. 14. s. 4,) that a discharge of the debtor under a *cessio bonorum*, was no discharge of the surety.

As the plaintiff, then, in this case, did not show upon the trial, the payment of any part of the debt, he was not en-

titled to recover, and judgment must be rendered for the defendant.

Judgment for the defendant.