Ezzard *vs.* Worrill *et al.*

---

WILLIAM EZZARD, plaintiff in error, *vs.* JOHN R. WORRILL *et al.,* defendants in error.

(BY TWO JUDGES.) Where an accommodation indorser on a note made prior to June, 1865, has been compelled, by judgment, since that time, to pay the same or any part thereof, and sues the maker, securities and prior indorser, to recover the amount so paid by him, he is not obliged to file the affidavit of the payment of the taxes required by the Relief Act of 1870. The debt to him did not exist until the payment of the judgment by him. 27th February, 1872.

Indorsers. Relief Act of 1870. Before Judge CLARK. Sumter Superior Court. December, 1871.

The facts are in the opinion.

C. T. GOODE, for plaintiff in error.

W. A. HAWKINS, for defendants.

Ezzard *vs.* Worrill *et al.*

MONTGOMERY, Judge.

In 1862, John R. Worrill, with E. H. Worrill as surety, made his note for about $1,600, payable to N. J. Hammond, as guardian, or bearer, on which the other defendant was indorser. After his indorsement, Ezzard put his name on it as an accommodation indorser.

In 1869, Hammond obtained judgment against Ezzard in Fulton Superior Court, of the pendency of which suit the prior indorser, surety and maker were notified and requested to defend the same. Ezzard was compelled to pay off the judgment, and the present suit is brought to reimburse himself for the amount thus paid. Defendants moved to dismiss the suit for failure to file the tax affidavit required by the Relief Law of 1870. The Court granted the motion. We think the Court erred.

An accommodation indorser is considered merely as a surety: Code, 2123. Payment by him entitles him to proceed immediately against his principal: Code, 2134. If the payment was made under judgment, the amount of the judgment is conclusive against the principal: Code, 2135.

A surety cannot call on his principal until he has actually paid the money, and then only for the amount paid by him. Powell vs. Smith, 8 Johns., 249; Bonney vs. Seeley, 2 Wendell, 481. Hence, no debt is owing to the surety by the principal until the former has paid the original creditor, and not then on the note, but on the implied *assumpsit* raised by the law. Powell vs. Smith, *ubi. supra.*

This did not occur in the present case until 1869. Hence, we reverse the judgment below.