WILLIAM C. CHURCH, as Administrator, etc., Appellant, v. SETH HOWARD, impleaded, etc., Respondent.

The declarations of a sole administrator or executor, made, when not acting in the discharge of his duties, to third parties having no interest in or connection with a claim belonging to the estate, are not evidence against him in an action brought by him in his representative capacity upon such claim.

In an action, by an administrator, upon a promissory note, signed by H. as surety, the defense was that the note had been altered, without defendant's consent. A witness called for the defense was asked to state a conversation between her and plaintiff, after the death of the intestate, in relation to the note. This was objected to on the ground that the declarations of the administrator were not evidence against the payee of the note. The objection was overruled, and the witness answered, in substance, that plaintiff stated he erased a clause in the note, at the request of the deceased. Plaintiff was not, at the time of the conversation, doing any business in connection with the estate, and the witness had no connection with or interest in the note. Held, error; and that the objection was sufficient to present the point as to the competency of such admissions.

F., the maker of the note for whom H. signed as surety, who was a party defendant, but who did not answer, as a witness for the defense, was permitted to testify to personal transactions between himself and the intestate. Held, error, that the witness was "a person interested in the event," within the meaning of section 829 of the Code of Civil Procedure, and was, therefore, incompetent; also, held, that the fact that plaintiff subsequently testified as to the facts sworn to by F. did not cure the error.

Where an objection to evidence has once been made and overruled, it is not required to repeat the objection, where subsequent questions call for the same class of evidence, relating to the same subject matter.

Another defense was the statute of limitations. H., as a witness in his own behalf, was asked whether he had any interest in the note, or derived any benefit from it. This was objected to on the ground of the incompetency of the witness under said section. The objection was overruled. H. answered that he had not; that he was an accommodation maker, and had never paid any interest on the note, or authorized or directed it to be paid, or knew that any had been paid. Held, error, that the whole testimony was responsive to the questions put, and all of it was incompetent.

H. was permitted to testify, under objection, that F. told him his name had been taken off the note. and that the intestate said she would see his name was taken off. Held, error.

So, also, held, as to evidence of H. to the effect that he did not suppose

Statement of case.

he was on the note, and that if he had known it he could have obtained security from F. before his failure.

Also *held,* that the fact that the case was submitted to the jury on the sole question as to the alteration of the note, did not remedy the error.

*Church* v. *Howard* (17 Hun, 5), reversed.

(Argued December 5, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 17 Hun, 5.)

This action was brought by plaintiff as administrator of the estate of Mary M. Church, deceased, upon a promissory note, executed by defendants, which, in its original form, was as follows:

" $2,000. Two years from date I promise to pay Mary M. Church, or bearer, two thousand dollars, with interest semi-annually, at seven per cent, in gold or its equivalent. Value received.

" EATON, *January* 18, 1870.

" A. G. FARGO,
" SETH HOWARD, *Surety*."

Defendant Howard alone answered, alleging the alteration of the note, without his knowledge or consent, by the erasure of the words, " in gold or its equivalent." He also pleaded the statute of limitations.

The facts, so far as pertinent to the questions discussed, appear sufficiently in the opinion.

*S. D. White,* for appellant. The note in suit was not outlawed as to Howard. (Old Code, § 102 ; New Code, § 402.) The court erred in receiving the declarations of plaintiff as to the erasure. (5 Barb., 406–407 ; 19 id., 310; *Thompson* v. *Peters,* 12 Wheat., 565; 1 Phil. on Ev. [Edward's ed.], 483; id., 481, note 133; *White* v. *Miller,* 71 N. Y., 118; 34 Barb., 539, 544.) Fargo was not a competent witness to testify as to what he did. (8 Hun, 127;

13 id., 13, 14; 62 N. Y., 80; 1 Kent, 517–518; 32 Barb., 250.) The court erred in receiving the testimony of defendant Howard as to personal transactions with plaintiff's intestate. (New Code, § 829; 17 Hun, 470–472; 46 Barb., 30; 48 id., 190; 12 Hun, 179; 69 N. Y., 404; id., 257–260; 64 id., 457; 66 id., 433; 68 id., 419.) It was error to allow Howard to testify as to what Fargo told him about his name being stricken off the note and this error was not cured although the case was given to the jury upon the sole question of alteration. (5 Den., 81; 19 N. Y., 299; 3 Keyes, 497–499; 52 Barb., 365; 55 N. Y., 400, 408; 3 Hun, 70; 11 id., 82, 87, 88.) The note was properly received in evidence without first explaining the erasure. (*Maylue* v. *Sniffin*, 2 E. D. Smith, 1.)

*A. N. Sheldon*, for respondent. Fargo was a competent witness. (Code of Civil Procedure, § 829; 2 Wait's Pr., 449; *Comstock* v. *Hier*, 73 N. Y., 269; *Symonds* v. *Peck*, 10 How. Pr., 395; 70 N. Y., 385; 5 Hun, 536; *Allis* v. *Stafford*, 14 Hun, 418; *Markell* v. *Benson*, 55 How. Pr., 360; *Wetmore* v. *Peck*, 19 Alb. L. J., 400; *Marpass* v. *Gilman*, 16 Hun, 121; *Church* v. *Howard*, 17 id., 5; *Hobart* v. *Hobart*, 62 N. Y., 80; *Crary* v. *White*, 59 id., 336; *Simmons* v. *Sisson*, 26 id., 264; *Lobdell* v. *Lobdell*, 36 id., 333.) There was no error in receiving the evidence given by defendant Howard. (*Paige* v. *Fazackerly*, 36 Barb., 392; *Smith* v. *Hill*, 22 id., 656; *People* v. *Third Ave. R. R. Co.*, 45 id., 63; *People* v. *Cook*, 8 N. Y., 67; *Tooley* v. *Bacon*, 70 id., 34; 2 Wait's L. & Pr., 634; 38 N. Y., 186; 32 id., 440, 441; *Wood* v. *Tunnicliff*, 74 id., 38.) The admissions of an executor or administrator when a party to the action are competent evidence against him because he represents the estate and is in privity with the decedent. (1 Greenl. on Ev., § 189; 2 Cowen & Hill's Notes, note 172; 1 Phillips' Ev., 90; Starkie on Ev., title admission; *Fraunce* v. *Gray*, 21 Pick., 243; *Hill* v. *Buckinmister*, 5 id., 291; *Atkin* v. *Sawyer*, 1 id., 192;

*Tenny* v. *Evans*, 14 N. H., 343; *Cayuga Bk.* v. *Bennett*, 5 Hill, 236; *Lane* v. *Doty*, 4 Barb., 535; *Barger* v. *Durin*, 22 id., 68; *Wilcox* v. *Smith*, 26 id., 318; Stevens' Dig. of Ev., p. 66; *Mooers* v. *White*, 6 Johns. Ch. R., 373; *Brown* v. *Miller*, 2 Kern., 118; *Forsyth* v. *Ganson*, 5 Wend., 558; 17 Hun, 5, fols. 197–202.)

MILLER, J. The defendant Howard interposes in this action as a defense that the note was altered without his knowledge or consent, and one of the principal questions controverted upon the trial was whether the alteration was made by the authority, direction or consent of the intestate. In regard to this branch of the case one Mrs. Scranton was called and sworn as a witness for the defendant, and testified that Mr. Church, the plaintiff, came to her house after the decease of his wife and there had a conversation, in the presence of herself and her husband, as to the note in controversy. She was asked to state what was said about it. The question was objected to by the plaintiff's counsel, upon the ground that the declarations of the administrator are not evidence against the payee of the note. The objection was overruled, an exception taken to the ruling of the judge, and the witness testified that Church said he had erased the gold clause in the note because Mrs. Church requested him to do so. Similar testimony relating to the same conversation was offered and received, and the same ruling made by the judge, and the same exception taken in reference to the evidence of the husband of Mrs. Scranton. The plaintiff at the time of the alleged conversation was not acting in the discharge of his duties as administrator; no business was then transacted connected with or relating in any way to the estate, and it does not even appear that he had then been actually appointed and had qualified as such administrator. It is held in the decisions of the courts in this State that the declarations of an administrator or executor cannot be received as evidence as against either his co-executor or co-administrator, or as against the heirs or devisees: (*Hammon* v. *Huntley*, 4 Cow., 493;

*McIntire* v. *Morris' Adm's,* 14 Wend., 90–97; *Cayuga Co Bank* v. *Bennett,* 5 Hill, 236; *Lane* v. *Doty,* 4 Barb., 530; *Elwood* v. *Deifendorf,* 5 id., 398.) Although the cases cited relate more particularly to the admissions or declarations of a co-executor or co-administrator as against an associate, and the precise question now presented was not decided, it would appear to follow, as a logical sequence of the decisions, that the admission made by a sole administrator or executor, or of all of them together, would be competent evidence and obligatory, if such admission was made while engaged in the performance of some act relating to the estate. The act should be such as called for and made the declaration pertinent, and the declaration should accompany such act, so as to constitute a part of the *res gestæ.* When such is the case, the admissions of an administrator may, we think, bind the estate. But loose declarations to third parties, who have no interest or connection with the estate or the subject matter, entirely distinct from the discharge of the official functions of the administrator, and in no way relating to the estate, cannot have any such effect. The administrator as such had nothing to do with these witnesses in reference to this note, and the declarations, therefore, were not a part of the *res gestæ* and should have been excluded. Nor can the admission of the evidence be upheld upon the ground that the suit was prosecuted for the benefit of the administrator solely. The administrator is bound in the first instance to pay all debts out of the assets of the estate, and, in the absence of proof, it is not to be assumed that no such debts existed.

The distinct objection was not taken to the evidence that it was not shown that the plaintiff was the administra⸆ ⸍⸍, and as that defect may have been supplied, and the plainᴛ⸍⸍ assumed by his objection he was administrator, it cannot now be urged that he was not. But this is not material, as it appears that the admission was not made as an administrator or in any such capacity.

It is claimed that the objection did not present the point we have considered, as it was confined to the payee of the

note. As the payee was dead, it may fairly be regarded as including the representative of her estate. Such was the evident purpose of the objection, and so it was manifestly understood at the time, and we think it sufficiently presented the question whether the admissions of the administrator, under the circumstances, was competent testimony.

Several other questions were raised upon the trial in respect to the ruling of the court as to the admission of evidence. The defendant Fargo, who was the maker of the note, was permitted to testify, against the objection of the plaintiff, in regard to personal transactions which took place between himself and the intestate, and to the circumstances which transpired at the time of the erasure, the judge holding that the Code did not apply to a party who had not interposed an answer and was not interested in the event. Section 829 of the Code of Civil Procedure declares that "upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness on his own behalf or interest * * * against the executor," etc. The question whether the witness was not a party within this provision and hence incompetent, is not free from difficulty; but however that may be, we think that he was "a person interested in the event" and therefore incompetent to testify as to any personal transaction between himself and the intestate and his testimony was improperly received. He was interested in avoiding a judgment against the defendant Howard, the surety, which would entitle such surety to prosecute and obtain a judgment against the defendant Fargo which he might be compelled to pay. He would be affected by the legal operation and effect of the judgment, and the record would be legal evidence in an action by the surety to recover the amount paid for his principal. (1 Greenlf. on Ev., § 390.) The case of *Hobart* v. *Hobart* (62 N. Y., 80), cited by the defendant's counsel, is not in point in reference to the question last discussed. And the view we have taken upon the question last considered is sustained by the recent case of *Miller* v. *Montgomery* (78 N. Y., 282).

It is insisted by the defendant's counsel that there was no error as to the evidence given by Fargo, for the reason that the questions put to the witness did not elicit answers which were liable to exception, and that in some instances the objections were not put upon the ground that the witness was incompetent to testify. It is true that the same objections were not made in each instance, but at the commencement of the testimony the distinct objection was taken to proof of any facts to which Mrs. Church might have testified if living, and the same was overruled, upon the ground hereinbefore stated, and the ruling excepted to by the plaintiff. The same ground of objection was substantially taken twice afterwards, and the judge stated that all evidence of this kind was under objection and exception. This was quite enough to present the question, for it is evident that the objections first made were intended to and did cover (and were so understood by the judge) all evidence of this description, and that the evidence to which reference has been had was liable to this objection. The testimony related to the same subject, and the plaintiff was not required to repeat his objection to any question put relating to the matter. (*Dilleber* v. *Home L. Ins. Co.*, 69 N. Y., 257.) The claim, therefore, that the objections were not sufficient, is not sustained. The fact that the plaintiff was subsequently sworn as to the facts proved by Fargo and testified in regard to the erasure, is no valid legal excuse for the admission of the evidence. He was necessarily called to contradict the testimony of Fargo, and that fact did not render the evidence of Fargo competent.

The defendant, Howard, was called and sworn as a witness in his own behalf upon the trial, and was asked the question whether he had any interest in the note or received any benefit from it. The question was objected to upon the ground that the owner of the note was dead, the objection overruled and the defendant excepted. The witness answered that he had not; that he was a mere accommodation maker; that he never paid any interest on the note, nor authorized

or directed it to be paid, or knew that any interest had been paid. The evidence, we think, was inadmissible as a whole, as it related to a personal transaction with the deceased. The denial of any interest in the note, of itself, might have been controverted by the intestate if she was alive, as well as the statement that he had paid no interest, or authorized or directed any to be paid upon the note. She may have sworn that he did make or authorize payments to be made by the maker, or in some form sanctioned and ratified those which were made after the erasure was known to him, or that he assented to the erasure itself. Even if the evidence as to her interest was cumulative, yet the intestate may have had more knowledge on the subject than the other witnesses who were sworn and contradicted the defendant, so that her evidence would have been considered as controlling and conclusive. The claim that the statement as to the payment of interest was not objected to, is answered by the apparent fact that the whole testimony was responsive to the question put, and hence no further objection was required. It does not appear that any other question besides the one stated, which called out the last part of the answer, was put to the witness, and the testimony was not so remote from the subject of inquiry as to demand an additional objection, independent of that which had been previously made. Under the circumstances, as the objection made clearly covered the entire evidence received, the plaintiff was under no obligation to renew the same.

The court clearly erred in allowing Howard, the defendant, to testify that Fargo had told him that his name was taken off the note, and that he was not liable any longer, and that Mrs. Church said that she would see that his name was taken off. These were the declarations of the defendant which could not bind the plaintiff. The claim that the first question put, asking the witness to state the conversation and which was objected to on the ground that it was hearsay, was not answered, is not available. The next question put asked the witness what Fargo did tell you about the name

being stricken out, and in substance called for the same conversation, and did not require another and a distinct objection.

The evidence also that the witness did not suppose that he was on the note, and that he could have obtained security before Fargo failed if he had known it, was inadmissible and should have been excluded. It is no answer to the admission of the evidence that the case was submitted to the jury upon the sole question of the alteration of the note. The testimony might very well have had an effect upon the minds of the jury, if they believed Howard's testimony, and it is easy to see that it might have influenced their verdict. The testimony of Howard as to Fargo's declarations obliged the plaintiff to testify upon the same subject; and as he denied that he ever had any conversation with Fargo about striking out Howard's name, and as the testimony of the plaintiff and Howard and Fargo were otherwise conflicting, a question of credibility was presented which may have seriously affected the decision of the issue which was presented to the jury and have done much harm to the plaintiff. Upon no principle was the evidence competent.

We have not deemed it necessary to determine whether the words contained in the note, viz.: "in gold or its equivalent," include the principal as well as the interest on the same. And without expressing an opinion upon that question, for the errors upon the trial which we have considered, the judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.