ELIZA M. WILKINS AND MARY E. PURSE, RESPONDENTS, v. HOSEA BAKER, ALONZO K. LYON AND EDWIN C. ENGLISH, ADMINISTRATORS, ETC., OF ELIZA C. HOUSEWORTH, DECEASED, APPELLANTS.

*Evidence — when a party cannot testify as to a personal transaction with a deceased person — Code of Civil Procedure, § 829.*

On January 13, 1878, one Eliza Houseworth, being sick of a disease from which she died on February seventh, delivered to the defendant Baker certain securities, and directed him to apply the income and, if necessary, the principal thereof to the support of her husband during his life, and upon his death to divide what was left between the plaintiffs. On January twenty-seventh the husband died, and between that time and February seventh she altered the arrangement as to the said fund, and directed Baker to apply a portion thereof to other purposes, which he did. In this action, brought by the plaintiffs to recover the whole of the fund, the defendant Baker claimed to be allowed for the amount expended by him in pursuance of the last direction of the deceased, and the other defendants, the administrators of Eliza Houseworth, claimed to be entitled to the whole fund received by Baker.

Upon the trial Baker was called by the plaintiffs, and allowed, against the objection and exception of the other defendants, to testify as to the said transactions with the deceased, and as to what she then said to him.

*Held,* that the evidence was inadmissible under section 829 of the Code of Civil Procedure. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

On the 13th day of January, 1878, one Eliza C. Houseworth, deceased, delivered to the defendant Hosea Baker certain notes and securities, from which he subsequently realized the sum of $1,136.92.

At the time she delivered this property to Baker, she told him "to take that and keep it, and if it was necessary for Mr. Houseworth (her husband) to use the interest of it, well and good; and if it was necessary to use all of it for his comfort to use it. After his decease, what was left was to be divided between Mrs. Wilkins and her daughters" (plaintiffs). Baker also testified as follows: "She gave me these obligations and securities, etc., and she said she thought it doubtful about her living and she wanted to make provision for her effects, what she had, in case she did not live."

Mr. Houseworth, the husband, died on January 27, 1878, and

Mrs. Houseworth on February 7, 1878. Between her husband's death and her own she gave Baker different directions as to the disposal of the fund delivered to him on January thirteenth. She directed him to pay a number of bills, expenses, etc., and the balance to plaintiffs. Baker, pursuant to the latter directions, at the time of trial, had paid out $585.50 on bills; and to carry out the final wishes of deceased he had yet to pay $415. The payments so made and to be made would about exhaust the fund.

On January thirteenth, when she delivered the notes, etc., to Baker, she was, as the judge finds, "sick of pneumonia and confined to her bed. She continued sick and languished with the latter disease until her death, and while still languishing of pneumonia was struck with paralysis and died the day following, February 7, 1878."

The plaintiffs claimed that the transaction of January 13, 1878, amounted to a gift *inter vivos;* that the fund was delivered to Baker as a trustee; that the title at once passed to plaintiffs, and that she could not afterward revoke such gift or modify the same, and that the subsequent directions given to Baker were of no effect.

The defendant Baker claimed that the transaction constituted a transfer in the nature of a gift *causa mortis*, revokable by the deceased during her life, and that it was, by the subsequent directions she gave Baker, revoked or modified.

The defendants English and Lyon claimed that there was no gift of any kind or valid transfer of the securities.

The judge adopted the plaintiffs' view of this transaction, and directed judgment against Baker for the whole fund.

*John R. Putnam*, for the appellant Baker.

*F. A. Williams*, for the appellants English and Lyon, administrators.

*W. B. French*, for the respondents.

BOARDMAN, J.:

Plaintiffs sue for money alleged by them to have been given by Mrs. Houseworth, the intestate, to defendant Baker, to be kept

by him for the use of intestate's husband during his lifetime, and what should remain to be divided between the plaintiffs. This was January 13, 1878. She was then sick, and died on the seventh of February after. English and another, defendants, were appointed her administrators. On the 27th day of January, 1878, her husband died. The administrators of Mrs. Houseworth deny plaintiffs' claim, and allege that they, as administrators, are entitled to the property claimed by plaintiffs and held by defendant Baker. Baker admits the receipt of the property, and asserts that he has expended a portion thereof pursuant to the directions given him when he received the same, and that he holds the balance, about one-half of the original amount, for the persons entitled thereto.

The claims of the respective parties are therefore substantially as follows : The plaintiffs claim as a gift $1,180, being nearly all which Baker received from intestate. The administrators claim from Baker the whole property which he received from intestate as assets at her death undisposed of. Baker claims to have disposed of near one-half of the property given to him by the intestate in accordance with her directions, and that the remaining $700 he is ready to pay to the persons entitled thereto.

Upon these issues the case came on for trial without a jury. The defendant Baker was called as a witness for the plaintiffs, and was asked what was said between the deceased and himself in respect to the property in controversy. The administrators of the deceased (defendants) objected "that the witness was a co-defendant and interested in the event of the action, and incompetent, under section 829 of the Code, to testify; that the plaintiffs claiming title through the witness, he was incompetent to testify against his co-defendants, who claimed as administrators of Mrs. Eliza C. Houseworth, deceased." The objection was overruled, and the administrators excepted.

Mr. Baker then gives in substance the following statement: " On the 13th of January, 1878, the intestate gave me the notes, money, etc., and told me to keep it for the use of her husband during his life ; both principal and interest if it was necessary for his comfort. After his death I was to divide what was left between the two plaintiffs. In pursuance of that direction, I took and have since retained the property, except what I have paid out. Mr. House-

worth, the husband, died on the 27th of January, 1878. Mrs. Houseworth died on the seventh day of February following."

Between the twenty-seventh of January and seventh of February, and only a day or two before her death, Mrs. H. again called Baker in, and gave him directions where and how to dispose of the money and property she had given him on January thirteenth. In pursuance of those last directions Baker has disposed of nearly one-half of the property in his hands in the payment of debts, funeral expenses, etc. These last directions were quite different from those of January thirteenth, the plaintiffs being only entitled to a small balance which would probably remain after making all the payments which she had directed.

Was such evidence admissible under section 829 of the Code of Civil Procedure? Eliminating those parts of the section not applicable to this case and it would read as follows: " A party   *   *   * shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the *   *   administrator   *   * of a deceased person   *   *   * concerning a personal transaction or communication between the witness and the deceased person."

Now Baker was a " party " to the action. " His interest " required that he should be excused and relieved from again being compelled to pay what he had already disbursed under the directions of the deceased. He was therefore testifying in his own behalf or interest, and in behalf of the plaintiffs who claimed to have succeeded to his title and interest, on the death of the husband, in the property given to Baker. The interests of the plaintiffs as well as of Baker were hostile to those of the administrators. He was then testifying against the administrators of the deceased concerning a personal transaction and communication between the witness and the deceased. In short he was proving in this way his title to the property, how it was derived from the deceased, and that by virtue of such title he was justified as against both plaintiffs and the administrators in paying out and disposing of the money as he had already done. The effect of his testimony was to destroy the plaintiffs' claim of title and to preclude the administrators from acquiring any title.

The evidence seems to be in the teeth of the Code. Baker, on his own showing, was made a trustee of this property, to receive and

hold it for certain uses and purposes. He establishes his title by his own evidence, and by his own evidence he destroys the title of the administrators which the law would have devolved upon them as administrators after the death of Mrs. Houseworth.

The authorities cited by counsel are not on either hand analogous. *Church* v. *Howard* (79 N. Y., 415) seems most nearly to resemble the present case. In any event the language of the section must, we think, be construed to exclude such evidence, and, hence, without consideration of the other questions presented, we must reverse this judgment and grant a new trial with costs to abide the event.

BOCKES, J., concurred; LEARNED, P. J., concurred in the result.

LEARNED, P. J.:

Baker was not examined on his own behalf. He was called by the plaintiffs and examined on their behalf. They had a right to his testimony unless they were "a party succeeding to his title or interest."

They did not succeed to his title or interest. He did not transfer or assign his title to them. They claimed that Mrs. Houseworth gave to them the property in dispute, therefore they took (according to their claim) directly from Mrs. Houseworth and not by succession to Baker. They claimed that he was the mere custodian of the property, the title to which passed absolutely to them from Mrs. Houseworth. On the contrary Baker claimed that the gift was *mortis causâ*.

The plaintiffs wished to prove by Baker that Mrs. Houseworth gave to them the property in question; not that she gave it to Baker and that to his title they had succeeded. While, therefore, Baker was not competent in his own behalf, yet he was competent for the plaintiffs against the defendants. If the plaintiffs claim was correct, Baker would have to pay to them all the property, notwithstanding his appropriation of part of it under subsequent directions.

But, in my opinion, the gift was one *mortis causâ*, and, therefore, I concur in the result of the foregoing opinion of my brother BOARDMAN.

Judgment reversed, new trial granted, costs to abide event.