CAROLINE LAWTON, APPELLANT, *v.* GUY SAYLES, AS SURVIVOR OF THE FIRM OF HENRY H. SAYLES & CO., RESPONDENT.

*Evidence — when a witness is interested in the event within section 829 of the Code of Civil Procedure.*

On November 22, 1882. the plaintiff assigned a bond and mortgage owned by her on which there was due $300, with interest from December 2, 1870, to the firm of H. H. Sayles & Co., by an instrument absolute in form, but in fact intended to secure a debt due to the firm, from the plaintiff's brother. The plaintiff claimed that the agreement, which was made between herself, her brother and H. H. Sayles, was that the firm should hold the mortgage as security for $300, with interest only from the date of the assignment, while the firm claimed that the full amount secured by said bond and mortgage, viz., $300 and interest from December 2, 1870, was assigned. H. H. Sayles died on February 23, 1883, and on April 10, 1884, Guy Sayles, as surviving partner, recovered a judgment against the brother for the amount due the firm.

Upon the trial of this action, brought by the plaintiff to compel the defendant, the surviving partner of the firm, to reassign the bond and mortgage to her upon payment of the amount which she claimed it was assigned to secure, the court refused to receive the testimony of the brother tending to show that it was agreed between the plaintiff H. H. Sayles and the witness that the mortgage was to be held as security for $300 and interest from the day of the assignment.

*Held,* that the exclusion of the evidence was proper as the witness was interested in the event within the meaning of section 829 of the Code of Civil Procedure. *Church* v. *Howard* (79 N. Y., 415) followed.

APPEAL from a judgment dismissing the complaint with costs, entered upon a decision of the Chemung Special Term.

The plaintiff was the owner of a bond and mortgage, upon which there was due $300, and interest from December 2, 1870. November 22, 1882, she assigned the bond and mortgage, by a written assignment, absolute on its face, to H. H. Sayles & Co. It is agreed that the assignment was, in fact, as security for the indebtedness of John J. Goldsmith, the plaintiff's brother, to the assignees. The plaintiff claims that it was agreed between Goldsmith, herself and the assignees, that they should hold the mortgage as security for $300, with interest from November 22, 1882. The defendant claims that the full amount secured by the bond and mortgage was assigned to secure the indebtedness of Goldsmith. The plaintiff

tendered $300 and interest from November 22, 1882, and brought this action to compel a reassignment.

It is alleged in the answer that April 10, 1884, Guy Sayles, as surviving copartner of H. H. Sayles & Co., recovered a judgment against Goldsmith for $1,013.82, which has not been paid, which fact is conceded by the plaintiff. Henry H. Sayles and Guy Sayles were the individuals who formed the copartnership of H. H. Sayles & Co. The oral agreement under which the bond and mortgage were assigned, was made between Henry H. Sayles, Goldsmith and the plaintiff. February 23, 1883, Henry H. Sayles died, leaving Guy Sayles, defendant, the sole surviving partner. The sole issue is whether the full amount secured by the bond and mortgage, or but $300 with interest from November 22, 1882, was assigned for the security of H. H. Sayles & Co. This issue of fact was found for the defendant and a judgment entered dismissing the complaint, from which the plaintiff appealed.

*Jacob Schwartz,* for the appellant.

*Walter L. Smith,* for the respondent.

FOLLETT, J. :

Upon the trial Goldsmith was permitted to testify that it was agreed between himself, plaintiff and Henry H. Sayles, that the bond and mortgage were to be held by H. H. Sayles & Co., as security for $300 and interest thereon from November 22, 1882, and upon payment of that sum, the bond and mortgage were to be reassigned to the plaintiff. The defendant objected to this evidence upon the ground that the witness was interested in the event and incompetent to testify to a personal transaction with Henry H. Sayles, as against his surviving partner, under section 829, Code of Civil Procedure, which objection was overruled and the defendant excepted. Afterwards, and before the trial closed, the defendant moved, upon the same ground, to strike out the evidence, which motion was granted and the plaintiff excepted. Whether Goldsmith was competent to testify to the agreement with Henry H. Sayles, is the sole question raised upon this appeal.

In *Church* v. *Howard* (79 N. Y., 415), the action was to recover of Fargo and Howard the amount due on a promissory note signed by Fargo as principal, and by Howard as surety. Fargo made no

defense, and his liability to pay the amount due on the note was fixed. Howard defended on the ground that the note had been materially altered by Fargo and the payee, without Howard's consent, and that the six years' statute of limitations had applied as a bar. Neither of these defenses were available to Fargo, for the alteration was made by Fargo and the payee; and Fargo had made payments within the six years preceding the commencement of the action.

Fargo was permitted to testify that the note was altered by himself and the payee. This was held to be error, on the ground that Fargo was interested in the event, and incompetent to testify under section 829, notwithstanding the fact that the defense was not available to him, and notwithstanding the fact that his liability to pay the note was undisputed, and was then fixed by his default in the action. The decision was not placed upon the ground that Fargo was a party to the action, but solely upon the ground that he was interested in the event. MILLER, J., in speaking for the court said : " He (Fargo) was interested in avoiding a judgment against the defendant Howard, the surety, which would entitle such surety to prosecute and obtain a judgment against the defendant Fargo, which he might be compelled to pay. He (Fargo) would be affected by the legal operation and effect of the judgment, and the record would be legal evidence in an action by the surety to recover the amount paid for his principal." (79 N. Y., 420.)

Howard had promised to pay a sum of money with and for Fargo, and a judgment would have fixed the amount of Howard's liability on his promise to the plaintiff, but it would not have fixed the amount of Fargo's liability to Howard, unless Howard afterward paid the judgment, as a surety cannot recover of his principal until he has paid in whole or in part the sum for which bound, and can only recover the amount actually paid. (_Powell_ v. _Smith,_ 8 Johns., 249 ; _Hannay_ v. _Pell,_ 3 E. D. Smith, 432, 438 ; _Elwood_ v. _Deifendorf,_ 5 Barb., 398.)

In _Church_ v. _Howard,_ a judgment for either party would not enlarge or diminish Fargo's liability. A judgment in favor of Howard would have left Fargo liable to Church for the full amount claimed. A judgment against Howard, and its payment by him, would have left Fargo liable to Howard, instead of to Church, for the full amount claimed, a mere shifting of creditors.

In the case at bar a judgment for or against either party would not enlarge or diminish Goldsmith's liability, which is $1,013.52 and interest from April 10, 1884, on the judgment. Had the plaintiff succeeded, Goldsmith would have become liable to plaintiff for $300 and interest from November 22, 1882, and his liability to defendant diminished by a like amount. The defendant having succeeded, Goldsmith's liability to defendant is diminished by the amount that may be realized by the defendant upon the bond and mortgage, a mere shifting of creditors.

In the case at bar the plaintiff had not promised to pay H. H. Sayles & Co. any sum, but had assigned the whole or part of the amount due on the bond and mortgage to secure the indebtedness of Goldsmith to the assignees, and there was no contract between Goldsmith and the plaintiff except the one implied by law, that the principal will indemnify his surety for all sums paid. The issue was, what was the ultimate sum which the plaintiff's bond and mortgage were assigned to secure, and the judgment fixes the ultimate sum which plaintiff may pay, and call upon Goldsmith for repayment. Just that, and only that could have been the effect of a judgment in favor of Church against Howard ; and if Fargo, the principal, was incompetent to testify for his surety in that case and upon that issue, it follows that Goldsmith, the principal, was incompetent to testify for the plaintiff, his surety in the case at bar. *Hill* v *Hotchkin* (23 Hun, 414) need not be considered, for it was decided solely upon the authority of *Church* v. *Howard.*

The judgment should be affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.