JOSEPH BLUMENTHAL, as Receiver of MORRIS SCHNEIDER and Another, Respondent, *v.* BENJAMIN F. EINSTEIN and Others, as Trustees, Appellants.

*Adjustment of claims between solvent and insolvent sureties and principals — award of costs.*

In equity a solvent surety is protected from the claims of his insolvent creditor — in case A, who is solvent, owes B, who is insolvent, $100, and A is surety for B in the sum of $200, equity will restrain B from collecting the $100, and will compel its application on the debt for which A is surety, but where the surety is also insolvent, and no further dividend will be made from his estate, only existing claims can be considered in adjusting the demands between the surety and his principal.

Where the receiver of the property of an insolvent debtor wrote to the trustees of another insolvent debtor, asking for an adjustment of the claims between them, to which no attention was paid, such trustees, in an action brought by the receiver against them, to recover the amount due the receiver as such, are properly charged with costs if judgment is awarded in favor of the receiver.

APPEAL by the defendants, Benjamin F. Einstein and others, as trustees, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1894, upon the report of a referee.

*A. R. Dyett*, for the appellants.

*William Man*, for the respondent.

FOLLETT, J. :

On August 3, 1891, Abraham Backer became insolvent and made a general assignment for the benefit of creditors to Benjamin F. Einstein. Subsequently the general assignment was superseded by an agreement entered into between Abraham Backer, his wife, his assignee, all of his creditors and three trustees. By the agreement, all of Backer's property was conveyed and assigned to the three trustees, who undertook to convert it into money and distribute the avails *pro rata* among Backer's creditors. This agreement is dated " October, 1891," but when it was completely executed does not appear, but it was after December 15, 1891.

October 7, 1891, Morris and Abraham Schneider recovered a judgment in the Supreme Court against Abraham Backer for $51,541.77. When Backer failed, Morris and Abraham Schneider were liable, as accommodation indorsers, for Backer on several promissory notes aggregating $41,250, which were made by Charles Schneider & Co. Before December 15, 1891, Abraham Backer died.

On December 15, 1891, Morris and Abraham Schneider and the three trustees agreed, in writing, that in case the compromise agreement should be executed by ninety-seven per cent of the creditors, so that it would take effect according to its terms, as it subsequently was, the Schneiders should be recognized as creditors of Backer to the amount of their aforesaid judgment against him and for whatever sum they should pay, as accommodation indorsers, on the notes made by Charles Schneider & Co., less $15,000, which they agreed should be taken as the value of the claim of Morris and Abraham Schneider against Charles Schneider & Co. (the makers of the notes) by reason of their payment of those notes. Subsequently Morris and Abraham Schneider paid $16,950.16 on the accommodation indorsements.

Morris and Abraham Schneider were partners, engaged in business under the name of M. & A. Schneider, and, becoming insolvent,

the plaintiff was, January 8, 1892, appointed receiver of their property.

When Abraham Backer failed he was liable for $38,584.10 as an accommodation indorser on the notes of M. & A. Schneider, on account of which the defendants, as trustees, paid to the holders of the notes twenty per cent, amounting to $7,716.82. It is conceded that there is due from the defendants to the creditors of Abraham Backer a dividend of twenty per cent.

The sole question is how these claims should be offset as between these insolvent estates.

The referee's result was reached as follows:

| | | |
|---|---:|---:|
| October 7, 1891, judgment against Backer ......... | | $51,541 77 |
| M. & A. Schneider paid on accommodation indorsements of Charles Schneider & Co.'s notes................ | $16,950 16 | |
| Deduct M. & A. Schneider's claim against Charles Schneider & Co., as agreed ........................ | 15,000 00 | |
| | | 1,950 16 |
| Total amount of claims against Abraham Backer, | | $53,491 93 |
| From this amount the referee deducted the dividend paid by defendants on Backer's accommodation indorsements for M. & A. Schneider ........... | | 7,716 82 |
| | | $45,775 11 |

Twenty per cent on $45,775.11 equals $9,155.02, for which, with interest as stipulated, the referee ordered a judgment. The defendants insist that the offset should have been made as follows:

| | |
|---|---:|
| Twenty per cent on claims of plaintiff against Backer — $53,491.93 — equals...................... | $10,698 38 |
| Deduct amount paid by defendants on Backer's accommodation indorsements for M. & A. Schneider, | 7,716 82 |
| Due from defendants to plaintiff.............. | $2,981 56 |

When this action was begun Morris and Abraham Schneider would have had, had their claims not passed to their receiver, a right

of action against the administrator or executor of Abraham Backer for $53,491.93. About this fact there is no dispute. By how much could this amount have been reduced by the administrator or executor? Not by $38,584.10, the full amount of Backer's liability as accommodation indorser for Morris and Abraham Schneider, for that sum had not been paid by Backer or by his estate, but his personal representative would have been entitled to set off only the amount paid by him or them, or by both, which was $7,716.82. (*Powell* v. *Smith*, 8 Johns. 249; *Bonney* v. *Seely*, 2 Wend. 481; *Hannay* v. *Pell*, 3 E. D. Smith, 432; *Elwood* v. *Deifendorf*, 5 Barb. 398.) Deducting $7,716.82 from $53,491.93 leaves $45,775.11, the amount to be recovered against Backer, if living, or, if dead, against his personal representative. That such is the legal rule of set-off, as between persons who are solvent, will not, we think, be disputed; but the defendants insist that the equitable rule as between insolvent estates is different, and that in the case at bar the litigants represent two insolvent estates; that neither litigant is liable for the debts of his principal, but is liable to pay only the per cent which the property in hand produces, to wit, the defendants are liable in the sum of $10,698.38 to the plaintiff, who is liable to the defendants in the sum of $7,716.82, which being deducted leaves $2,981.56 as the full measure of the liability of the defendants to the plaintiff.

The difficulty with this position is that the sum of $10,698.38 represents, not the debt owing by Backer to the plaintiff, but a dividend thereon, while the sum of $7,716.82 represents the entire debt of M. & A. Schneider to the defendants, not a dividend on a debt owing by M. & A. Schneider to Backer. It is true that the latter amount represents a dividend, but it is a dividend due and paid to other creditors holding notes indorsed by Backer for the accommodation of M. & A. Schneider. It will be seen that the defendants seek to set off the whole debt held by them against a dividend on a debt held by the plaintiff.

In equity a solvent surety is protected from the claims of his insolvent creditor. For example: In case A, who is solvent, owes B, who is insolvent, $100, and A is surety for B in the sum of $200, equity will restrain B from collecting the $100, and will compel its application on the debt for which A is surety. So in the case at

bar, if Backer's estate were solvent, it would not be compelled to pay any sum to the plaintiff so long as it was liable in a greater sum as accommodation indorser, but the estate is not solvent, and it is not pretended that another dividend will be made, and so only existing claims can be considered in adjusting the demands.

The amount of the plaintiff's claim against Backer's estate is absolutely fixed at $53,491.93, and it can never fluctuate. If the claim of Backer's estate were absolutely fixed at $38,584.10, then it would be adjusted by deducting principal from principal, and computing the percentage upon the remainder, as urged by the defendants, which would be equivalent to computing the percentage which each estate pays on its total liability, as is shown by this statement:

$53,491.93 — $38,584.10 = $14,907.83 × .20 . . . . . . . . . . . .   $2,981 56
$53.491.93 × .20 . . . . . . . . . . . . . . . . . . . . . .   $10,698 56
$38,584.10 × .20 . . . . . . . . . . . . . . . . . . . . . .     7,716 82
                                                          ——————   2,981 56

But the defendants' claim is not fixed at $38,584.10, but it is fixed at $7,716.82, and there is no evidence in the record from which the referee would have been justified in finding that the claim would be increased in the future, and so we think that the referee adopted a correct principle in adjusting these demands.

The plaintiff, through his attorney, repeatedly wrote letters to the defendants asking for an adjustment of the claims, to which no attention was paid, and we think the facts justified the referee in charging the defendants with costs.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.