Brown, P. J., and Dykman, J., concurred.

Judgment reversed and complaint dismissed, with costs.

---

Marie F. Fitzmahony (formerly Marie J. Cody), as Administratrix, etc., of Michael J. Cody, Deceased, Appellant, *v.* George Caulfield and Another, Respondents.

*Executors and administrators — admissions made before their appointment are not competent against the estate — payment evidenced by.*

The declarations of an executor or administrator before the issuance of letters testamentary to him are not admissible in evidence against him in his representative capacity. The admissions of an executor or administrator become competent evidence only when made in the performance of the administration of the estate.

The defense of the payment of a bond and mortgage, held by a deceased person at the time of his death, is not made out by proof of the fact that before the widow of the mortgagee was appointed administratrix of her husband's estate she surrendered the securities to the mortgagor.

Her admission at the same time that she had found, from an examination of her husband's papers, that there was nothing due upon the bond and mortgage, is not evidence against the husband's estate.

Appeal by the plaintiff, Marie J. Fitzmahony (formerly Marie J. Cody), as administratrix, etc., of Michael J. Cody, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 11th day of September, 1894, dismissing the complaint after a trial at the Westchester Special Term.

*Geo. Finck,* for the appellant.

*Thos. O'Callaghan, Jr.,* for the respondents.

CULLEN, J.:

This is an appeal from a judgment of the Special Term in favor of the defendants. The action is to foreclose a mortgage ; the defense, payment. The bond and mortgage were found by the plaintiff in the papers of her intestate shortly after his decease and before her appointment as administrator. She called the defendant George Caulfield's attention to the fact that she had found these obligations. The said defendant, according to his testimony, responded that the bond and mortgage had been paid, and if plaintiff examined her husband's papers she would find that to be the case, and that after this conversation the plaintiff brought the bond and mortgage and delivered them to him. The plaintiff conceded the surrender of the bond and mortgage, but denied that she said that she had found they were paid. This is substantially all the evidence to support the plea of payment.

We think the judgment below erroneous. The doctrine that the possession of the bond and mortgage by the mortgagor is presumptive evidence of their payment can have no application to this case, for it is conceded that the bond and mortgage were in the possession of plaintiff's intestate at the time of his death, and there is no claim that payment has been made since that time. The defense of payment, therefore, rests solely on the act of the plaintiff in surrendering the mortgage and her alleged admission that she had found from her husband's papers that it had been paid.

Had the transaction between plaintiff and defendant George Caulfield occurred after the plaintiff had been appointed administrator it may be that it would either have operated as a discharge of the mortgage or constituted sufficient evidence to uphold the finding of payment. (*Church* v. *Howard*, 79 N. Y. 415.) Yet there is some doubt whether she could have bound the beneficiaries other than herself. (1 Phillips on Ev. [Cowen & Hill, Edwards' ed.] 482.) But at the time of this transaction the plaintiff was a mere meddler with the assets of the deceased. She had no right to interfere with them otherwise than to preserve them, and she might never acquire such right. The delivery of the bond and mortgage to the defendant was simply a tort on her part. Her admission made at that time was inadmissible as evidence. To make the admission of an executor or administrator competent evidence it must be made in the performance of the

administration of the estate. (*Church* v. *Howard*, *supra*.) The rule seems settled that the declaration of a trustee before he came into the trust, or of an executor before he became such, is not admissible against him in his representative capacity. (1 Phillips on Ev. [Cowen & Hill, Edwards' ed.] 483.)

If the widow alone was to receive the proceeds of a recovery in this action it may be that she would be estopped from maintaining it despite the fact that the settlement with defendant was made by her personally, and that she now sues in her representative capacity. But in this case there is not only the widow but also a minor child of plaintiff's intestate. It is possible that if there are no creditors any equity against the widow arising out of her settlement with the defendant may be considered upon a new trial. This, however, we do not now pass upon.

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., concurred; DYKMAN, J., not sitting. .

Judgment reversed and new trial granted, costs to abide event.