(25 App. Div. 119.)

FITZMAHONY v. CAULFIELD et al.

(Supreme Court, Appellate Division, Second Department. January 21, 1898.)

MORTGAGE—PRESUMPTION OF PAYMENT.

The fact that a bond and mortgage, found among the papers of the mortgagee after his death, are surrendered to the mortgagor by a person who, though thereafter appointed administrator, has at the time of the surrender no authority rendering his acts or admissions binding on the estate, does not weaken the presumption, raised by the mortgagee's possession of the papers, that they were still valid and unpaid.

Appeal from special term.

Action by Marie J. Fitzmahony, administratrix of Michael J. Cody, deceased, against George Caulfield and Ellen F. Caulfield. From a judgment for defendants in an action to foreclose a mortgage, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Finck, for appellant.

W. Popham Platt, for respondents.

GOODRICH, P. J. The action is to foreclose a mortgage of $500, dated February 6, 1879, and executed by the defendants to Michael J. Cody, who died, intestate, April 10, 1883. Letters of administration were issued to the plaintiff on July 25, 1883. Mrs. Cody subsequently married. The answer alleges payment during Cody's lifetime. There have been two trials before the same justice, both resulting in judgments for the defendants. From the first judgment an appeal was taken to the general term, which reversed the judgment, on the ground, among others, that it did not appear that the plaintiff had been appointed administratrix at the time when she surrendered the bond and mortgage to the defendant, and that she was a mere meddler with the assets of the deceased, and that her admissions made at that time were inadmissible as evidence. 87 Hun, 66, 33 N. Y. Supp. 876.

Mrs. Fitzmahony testified that she first saw the bond and mortgage in a tin box of her then deceased husband; that Caulfield came to her house, and told her that the mortgage was paid; and that she handed him the bond and mortgage, not knowing their value; but that she did not find any memoranda or other evidence that the mortgage had been paid; and that no interest was ever paid her. The defendant George Caulfield testified that a few weeks after Cody died, and again two or three weeks after that, he had conversations with the plaintiff; that the first interview was at Caulfield's house, the second at the plaintiff's house; that at the first interview the plaintiff admitted that the mortgage had been paid, and gave him the papers; that after her second mar-

riage, in 1885, he again saw her, and presented to her a satisfaction piece for her execution, spoke to her of her admission at a previous interview that the mortgage was paid, but she refused to sign the satisfaction piece without the approval of her lawyer; that at the first or second interview she admitted that she had found among her husband's papers a memorandum that the mortgage was paid. This admission was confirmed by the testimony of Mrs. Caulfield, who was present at a third interview, after the plaintiff's marriage; and Mrs. Caulfield says that Mrs. Fitzmahony admitted that she found such a memorandum. When the plaintiff was first being examined as a witness to establish her case, she was asked on examination if Mr. Caulfield had not told her that, if she looked among her husband's papers, she would find that the bond and mortgage had been paid, and she replied: "I don't remember. That is 12 years ago. If he did, I found nothing. Probably he did, but I don't remember his asking me. If he did, I found nothing. I don't remember whether he said it or not." On being recalled, she said: "He asked me to look for proof, and I found nothing, and they could not say that I found anything; for I will swear that I never found anything." She also said that she never did find any such memorandum among her husband's papers.

There was thus presented to the learned justice at special term a conflict of evidence as to the admission by the plaintiff that the mortgage had been paid, and that she had found written evidence of that fact; and the learned justice, after seeing the witnesses, having found this question in favor of the defendants, we should hesitate to differ with his conclusions except for certain reasons. The possession of the bond and mortgage by the plaintiff's husband constituted evidence that it was valid and unpaid. Their surrender by the plaintiff before she became administratrix proves nothing to the contrary, as she was not then clothed with any authority which rendered her acts or admissions binding upon an estate in which a minor child of the deceased was interested. Such was the opinion of the general term in the first appeal. In addition to this, the record contains a reason assigned by the learned justice for his decision,—that the former judgment was reversed by the general term because it did not appear that the plaintiff had been appointed administratrix when she surrendered the bond and mortgage, and that this difficulty had been removed by the evidence on the present trial that she was such administratrix at that time. I do not find any such evidence. The bond and mortgage were surrendered, at the furthest, within 5 or 6 weeks after the death of Cody; and the plaintiff was not appointed administratrix until July 23d, some 3½ months after such death. The same facts in that respect were proven at the first trial.

Judgment reversed, and new trial granted; costs to abide the event. All concur.