MUNZ v. COLVIN.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

WITNESSES—TRANSACTIONS WITH A DECEASED PERSON.

A surety on a note on which the maker is sued cannot testify, as against the administratrix of the deceased payee, to a conversation between himself, the maker, and deceased, tending to strengthen the maker's contention that the note had been paid other than in money, under an agreement between the maker and deceased, since the surety is interested in the event, within Code Civ. Proc. § 829.

Appeal from trial term, Monroe county.

Action by Margaret F. Munz, as administratrix, against Jesse Colvin. From a judgment for costs, entered on a verdict for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Fred C. Hanford, for appellant.
Henry M. Hill, for respondent.

PER CURIAM. The plaintiff, as administratrix of the estate of Daniel L. Brown, deceased, brings this action to recover the amount claimed to be due upon two notes, of $100 each, executed by the defendant, Colvin, and bearing date, respectively, October 24 and October 26, 1893. The defense to the notes was payment under an agreement alleged to have been entered into between the maker and the payee, to the effect that, if the latter died first, the defendant should bring his remains to Farmersville, his former home, and see to it that they were properly buried at his (the defendant's) expense; and there is some evidence in the case tending to prove that this agreement was fulfilled on the part of the defendant. One Henry S. Merrill signed the note of October 24th, as surety, and upon the trial he was called as a witness on behalf of the defendant, and asked to detail a conversation between himself and Brown at the time the first note was executed. This was

objected to as incompetent, under section 829 of the Code of Civil Procedure; but the objection was overruled, and the witness was permitted, against the plaintiff's exception, to testify that, upon the occasion in question, Brown and the defendant met him at his (Merrill's) office, in the village of Little Valley; that the witness and Brown then and there had a settlement of some matters in difference between them, by which settlement it appeared that the witness was owing Brown $188; and it also appeared that Colvin was owing the witness $100. The witness thereupon proposed to Brown that he take Colvin's note for $100, and the balance which he was owing in cash, to which proposition Brown assented; whereupon the witness paid Brown $88 in currency, and proceeded to draw up the note for Colvin to sign. Before doing this, however, he asked Brown what length of time he wished the note to run, and Brown replied: "It makes no difference; make it as long or as short as you have a mind to. I expect it is Colvin's anyway." The note was then drawn and signed by Colvin as principal, and by Merrill as surety. The effect of this testimony was to strengthen the defendant's contention that the note was quite likely to be paid in the manner alleged in the answer, and, as the witness was liable on that note as surety, he was clearly interested in having the defendant succeed in his defense of payment; and, within well-settled rules of evidence, it was therefore incompetent for him to give evidence of this transaction. Code Civ. Proc. § 829; Church v. Howard, 79 N. Y. 415; Lawton v. Sayles, 40 Hun, 252; Hill v. Hotchkin, 23 Hun, 414. We are consequently constrained to hold that the admission of this evidence over the plaintiff's objection and exception was error, which calls for a reversal of the judgment and order appealed from.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.