In the Matter of the Estate of MATILDA JACOBS, Deceased.

Surrogate's Court, New York County, October 25, 1938.

*Chadbourne, Wallace, Parke & Whiteside* [*Madeline Arcese* of counsel], for the petitioners.

*Laughlin, Gerard, Bowers & Halpin* [*Henry M. Carpenter* of counsel], for Edward Michael.

*Stroock & Stroock,* for the Montefiore Hospital for Chronic Diseases.

*Jacob Shientag,* special guardian.

FOLEY, S. The application to strike out the answers and for summary judgment is denied. The action, which was transferred to this court by consent of the Supreme Court and consolidated with the pending accounting proceeding, was brought on a promissory note alleged to have been signed by the decedent. The answers put in issue the genuineness of the signatures of the decedent, lack of consideration (*Dougherty* v. *Salt,* 227 N. Y. 200) and other grounds of freedom of non-liability as against the estate. The relief sought here is based on alleged admissions of the validity of the debt made by one of the three executors. The other two executors vigorously resist the claim and oppose this application. It is not clear from the papers submitted that the admissions or declarations constitute an unequivocal allowance of the claim by the single coexecutor who is the uncle of the claimant. Even if they did, the questions whether such allowance was negligent or

fraudulent or induced by bad faith are still to be litigated. (Surr. Ct. Act, § 210; *Matter of Taylor*, 251 N. Y. 257.) Because of the close relationship between the parties the further question of whether there was collusion is also presented. In any event, the admissions of one executor are not binding on the other two nor on the beneficiaries of the estate. (*Church* v. *Howard*, 79 N. Y. 415; *Davis* v. *Gallagher*, 124 id. 487.) The admissions, if so made, cannot be utilized to prevent a trial of the issues. This rule is a salutary one which was adopted to safeguard the rights of creditors, legatees and other beneficiaries. It is particularly applicable in the present case where the relationship of the claimant and the executor, who is said to have made the admissions, is that of nephew and uncle.

Submit order on notice denying the application accordingly. The order framing issues for the jury has been signed.