HAMMON *against* C. HUNTLEY, B. HUNTLEY AND W. PARK, Executors of P. HUNTLEY.

ASSUMPSIT for land sold and conveyed by the plaintiff to the testator. The declaration also contained the general money counts. The cause was tried before NELSON, C. Judge, at the Otsego Circuit, September 16th, 1823.

The declaration did not lay any promise from the executors to the plaintiff, since the testator's death; but merely averred a promise by the testator. This suit was against the three executors; and in the course of the trial, after a variety of conflicting evidence upon the question, whether the testator and the executors, since his death, had not paid the plaintiff in full for the land sold, the plaintiff's counsel offered in evidence a letter purporting to be written after the commencement of this suit, by C. & B. Huntley, two of the defendants, to the plaintiff, acknowledging a balance of $240 to be due from the testator's estate to him; and promising to pay it. This evidence was objected to by the defendants' counsel, on the ground that the declaration averred no promise from the executors; but the testimony was admitted. Several witnesses on the part of the plaintiff swore that the signature to the letter was in the hand and name of C. Huntley. There was but little evidence on the part of the defendants to oppose this, and the cause passed to the jury on the question of fact, whether the letter was genuine or not. This was the main evidence on which the plaintiff's cause depended; and the Judge charged the jury, that if they believed it to be genuine, they would find for the plaintiff, which they did, for the amount acknowledged by the letter to be due.

A motion was now made in behalf of the defendants, for a new trial, upon the above facts, as well as upon the ground of evidence showing the forgery of the letter discovered since the trial, the particulars as to which are sufficiently stated in the opinion of the Court.

*The confession by an executor, of a debt due from his testator, is not admissible as evidence in a suit for the debt, against his co-executor, to establish the original demand. Otherwise, to take it out of the statute of limitations.*

For the defendants, the following points, among others, were taken :

1. That the proof of the letter was inadmissible, on the ground that there was no promise laid from the executors, since the testator's death. To this, was cited, 7 T. R. 182-3, 3 East, 409, Willes, 29, 5 Bin. 573, and 1 Dunl. Pr. 56.

2. That the hand writing of only one of the defendants was proved.

*D. Andrus,* for the motion.

*I. Seelye & W. G. Angel,* contra.

*Curia,* per WOODWORTH, J.  This cause comes before the Court on a case, and an application for a new trial on the ground of newly discovered evidence. The question is, whether an admission by one of the executors, that a certain sum was due from the testator to the plaintiff, is sufficient evidence to authorize a verdict against all the executors. It would undoubtedly be sufficient to take the case out of the statute of limitations. Does it establish the original demand against the testator, so as to make all the executors responsible, for the acknowledgment of one ?

The acknowledgment of one partner, after the dissolution of the partnership, of a previous debt, will bind the other partner, so far as to prevent him from availing himself of the statute of limitations ; but it will not be evidence of an original debt. (3 John. 536.  6 John. 269.  15 John. 4.)

Where several persons are appointed executors, they are esteemed in law but as one person, and the acts done by one of them, which relate to the delivery, gift, sale, payment, possession, or release of the testator's goods, are deemed the acts of all ; for they have a joint authority over the whole. (3 Bac. Abr. 31.) But it is equally clear, that one executor shall not be charged with the devastavit of his companion ; and shall be no further liable, than for the assets which come to his hands.

If the admission of one executor is enough to establish the original demand, it seems to contravene the spirit of the rule which exonerates him from a charge for the devastavit of his co-executor. The consequences of such a doctrine are that,

all the executors may be made liable, when in fact no debt against the testator existed.

In the present case, suppose the executors, when the suit was commenced, were satisfied that the plaintiff had no demand, could prove none, and that, therefore, they omitted the plea of *plene administravit :* if this evidence is competent against all, then all the executors become liable ultimately for the recovery, although there may be a deficiency of *assets.* At this rate, there would be no safety in any case, unless the plea of *plene administravit* were interposed. An executor could not repose securely on the strongest and best founded conviction, that the demand was unfounded, when his companion could, at any moment, make an admission which would conclude his fellow. If this be the law as between executors, it is of dangerous tendency, and may well be considered an anomaly. Each executor may control and dispose of the chattels of the deceased ; but cannot, I apprehend, affect his companion, so as to make him personally liable. It is held, that if one executor confess a judgment, it shall not conclude and bind the rest. (Toller, 367.) It follows that he cannot do indirectly what he is prohibited from doing directly. If such evidence is competent against both, it is, in effect, clothing one with power to do an act which shall give a right of recovery. Whether this is done by confessing judgment, or by making admissions that may be used as evidence to produce the same result, is, in my view, the same thing.

The verdict is clearly founded on the letter containing the acknowledgment. As the hand writing of only one of the executors was proved, I think it not sufficient to sustain the verdict.

On another ground, a new trial should be granted. There is certainly doubt and mystery hanging over this case. The plaintiff proved that he had in his possession a letter purporting to have been signed by two of these executors. He testified that he forwarded it to his attorney by delivering it to the mail carrier. It has not been since heard of. The defendants have sworn that it is a forgery; and that on examining at the post offices in Virgil and Burlington, for

NEW YORK, which the letter was designed, it appears that all the letters
May, 1825. from the former to the latter place had been received. In
the exercise of a sound discretion, I think enough is shown
to require the granting a new trial on the ground of surprise. A verdict, under the circumstances of this case, should not be conclusive. There is strong negative evidence, making it improbable that such a letter was written. The transaction requires the scrutiny of another trial.