MARGARETHA FINNERN, as EXECUTRIX, AND LORENZ LANG, as EXECUTOR, ETC., OF PETER EMRATH, DECEASED, APPELLANTS, *v.* JULIUS HINZ AND ELIZABETH HINZ, RESPONDENTS.

*Evidence — declarations or admissions of one executor are not admissible as against his co-executor.*

In this action, brought to foreclose a mortgage, the defenses were payment and a counter-claim for work, labor and services rendered by the defendant for the mortgagee, the plaintiffs' testator, amounting to $2,200.31 in excess of the amount of the mortgage. Upon the trial the defendant was allowed, against the plaintiffs' objection and exception, to introduce in evidence, to establish his counter-claim, a paper entitled in the action, containing a bill of particulars amounting to $5,702.31, and crediting the mortgage at $3,500, leaving a balance of $2,202.31, at the end of which was the following admission, subscribed by one of the plaintiffs, as executor : "I hereby recognize the above claim, as hereinabove set forth, as valid and just, and consent that the mortgage given by the said Hinz (the defendant), and the bond accompanying the same, be deemed paid."

*Held,* that it was error to admit this evidence, as it was the mere declaration or admission of one of the executors, and as such, was not admissible as against his co-executor.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action at a Special Term.

*C. Miehling,* for the appellants.

*Lewis Sanders,* for the respondents.

DAVIS, P. J. :

The execution of the mortgage, sought to be foreclosed in this action, was admitted by the answer. The answer alleges payment of the mortgage, and also sets up as a separate defense by way of counter-claim that the plaintiffs' decedent, Peter Emrath, was justly and truly indebted to the defendant Julius Hinz for work, labor and services, and board and lodging furnished, and for money paid, laid out and expended at his request, in a sum beyond the amount of the mortgage, and demands judgment that the bond and mortgage be canceled and satisfied, and that the defendant Hinz recover judgment, in his favor, against the plaintiffs for the

sum of $2,200.31. At the trial the plaintiffs produced their bond and mortgage, which were admitted, and the executrix testified that no interest on the mortgage had been paid to her. Evidence was then given tending to establish the alleged counter-claim, and, amongst other things, a paper entitled in this action, including the bill of particulars served therein, the total of which was $5,702.31, and crediting the amount of the mortgage at $3,500 and striking a balance of $2,202.31, at the end of which was an admission subscribed by Lorenz Lang, one of the plaintiffs, as executor, in these words:

" I hereby recognize the above claim, as hereinabove set forth, as valid and just, and consent that the mortgage given by the said Hinz, and the bond accompanying the same, be deemed paid.

"LORENZ LANG, *Executor.*"

The admission of this document as evidence was objected to by the plaintiff. The objection was overruled and an exception taken. We think it was error to admit this document in evidence. It was the mere declaration or admission of one of the executors as such.

In *Elwood* v. *Diefendorf* (5 Barb., 407) the rule is stated in these terms : " It is now well settled that the admissions of an executor or administrator cannot be received in evidence either as against his co-executors or co-administrators, or as against heirs and devisees."

In *Bailey* v. *Spofford* (14 Hun, 86) this court held that one of several co-executors has no power to charge either the estate or his co-executors, by indorsing a note in the name of the estate, even though it be given in renewal of one indorsed by the testator in his lifetime.

In *Bloodgood* v. *Bruen* (8 N. Y., 362) the Court of Appeals held that one who is a surviving partner, and also an executor of his deceased partner, cannot, in either relation, by a new promise, revive against the deceased partner's estate a debt of the partnership. In *Church* v. *Howard* (79 N. Y., 415) the rule is stated by MILLER, J., as follows: " It is held in the decisions of the courts in this State that the declarations of an administrator or executor cannot be received as evidence as against either his co-executor or co-administrator or as against the heirs or devisees. (*Hammon* v. *Huntley,*

4 Cow., 493; *McIntyre* v. *Morris*, 14 Wend., 90–97; *Cayuga County Bank* v. *Bennett*, 5 Hill, 236; *Lane* v. *Doty*, 4 Barb., 530; *Elwood* v. *Diefendorf*, 5 id., 398.) " The question in that case was whether the admissions of a sole executor were evidence to bind him in his fiduciary capacity, and it was held that the declarations of a sole executor, made when not acting in the discharge of his duties, to third persons having no interest in or connection with a claim belonging to the estate, are not evidence in an action brought by him in his representative capacity upon such claim. We do not understand that the rule has been changed or modified. The admission of the declaration, therefore, of Lorenz Lang, the executor, by which the counter-claim was admitted as a just claim against the estate was not competent. The objection, though general was sufficient because no particular specification could be made in the objection that would enable the party offering the testimony to make it admissible by proof of any other fact or circumstance. For this error there must be a new trial.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.