JACOB ROSENBERG, Respondent, *v.* BARBARA ROSENBERG, Individually and as Executrix of CHARLES ROSENBERG, Deceased, et al., Appellants.

**Decedent's estate — executors and administrators — trial — action to enforce claim against decedent's estate — erroneous charge that note signed by one executor, if made for sufficient consideration, was binding on estate though other executors had neither joined in making nor ratified thereafter.**

Where in an action against the executors of plaintiff's deceased father for moneys alleged to have been held by the testator to his use, it appears that plaintiff received from his mother, one of the executors, a promissory note payable on demand for the amount of his claim,

signed " Estate of Charles Rosenberg per Barbara Rosenberg, Executrix," it was error for the court to charge the jury that this note, if made for a sufficient consideration, was binding on the estate though the other executors had neither co-operated in making it nor ratified it thereafter. ( *Union Bank of Brooklyn* v. *Sullivan,* 214 N. Y. 332, 343, 344; *Bailey* v. *Spofford,* 14 Hun, 86; *Hammon* v. *Huntley,* 4 Cow. 493, 494, 495, followed; *Barry* v. *Lambert,* 98 N. Y. 300, distinguished.)

*Rosenberg* v. *Rosenberg,* 209 App. Div. 864, reversed.

(Submitted March 4, 1925; decided March 31, 1925.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 9, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Arthur M. Loeb* and *Samuel Blumberg* for appellants. The court incorrectly charged the jury that one executor of three might make a note binding the estate without the co-operation, authority or ratification of the other two. ( *Union Bank* v. *Sullivan,* 214 N. Y. 332; *Bailley* v. *Spofford,* 14 Hun, 86; *Finnern* v. *Hinz,* 38 Hun, 465; *Forsyth* v. *Ganson,* 5 Wend. 558; *Hammond* v. *Huntley,* 4 Cow. 493; *Elwood* v. *Diefendorf,* 5 Barb. 398; *Potter* v. *Green,* 51 Hun, 6; *Bruyn* v. *Russell,* 52 Hun, 17; *Matter of Warrin,* 56 App. Div. 414.)

*Samuel M. Gold* for respondent. The court correctly charged the jury that the executrix, Barbara Rosenberg, could issue the note in suit in settlement of an existing claim against the estate and that it was binding upon the estate without the authority or ratification of the other two executors. ( *Murray* v. *Blatchford,* 1 Wend. 583; *Barry* v. *Lambert,* 98 N. Y. 300; *Matter of Bradley,* 25 Misc. Rep. 261; 42 App. Div. 301; *Matter of Ringler & Co.,* 70 Misc. Rep. 576; *Matter of Dorland,* 100 Misc. Rep. 236.)

*Per Curiam.* The plaintiff made claim against the executors of his deceased father for moneys alleged to

have been held by the testator to his use. He received from his mother, one of the executors, a promissory note payable on demand for the amount of this claim, signed " Estate of Charles Rosenberg per Barbara Rosenberg, Executrix." The court charged the jury that this note, if made for a sufficient consideration, was binding on the estate though the other executors had neither co-operated in making it nor ratified it thereafter.

The law is settled to the contrary ( *Union Bank of Brooklyn* v. *Sullivan,* 214 N. Y. 332, 343, 344; *Bailey* v. *Spofford,* 14 Hun, 86; *Hammon* v. *Huntley,* 4 Cow. 493, 494, 495).

These authorities are not opposed to *Barry* v. *Lambert* (98 N. Y. 300). There money was delivered to one of two executors after the death of the testator upon a trust orally declared. Authority to accept the deposit carried with it authority to fix the terms of the acceptance (cf. *Hammon* v. *Huntley, supra*).

The conclusion thus reached makes it unnecessary to consider other rulings, some of which are cut off from our power of review by the unanimous affirmance.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.