Judge Owsley
delivered the opinion of the Court.
Tins is an appeal from a judgment recovered by Taylor, who is the administrator of William Montgomery, deceased, in an action of detinue, brought by him against Smith for seven slaves.
The slaves are claimed by the administrator as being part of the estate of the intestate Montgomery, who had intermarried with a daughter of Smith; and for the purpose of establishing his right to recover, the administrator, on the trial of the cause in the court below, proved, that recently after the marriage of the decedent Montgomery, to the daughter of Smith, they went to house keeping, and that upon leaving her father, two of the slaves were carried with her, and shortly afterwards, two others were sent to her by her father, and that those four and three others since born of them, remained in the possession of the decedent until his death, and that they are the negroes for which this suit was brought by the administrator. The marriage. *503 between Montgomery and the daughter of Smith, was proved to have taken place some six or seven years before Motgomery’s death. A witness was also introduced to prove, that prior to the marriage of Montgomery to Smith’s daughter, Smith had two other daughters married, and that at the marriage of those daughters, he gave to each about the same value in slaves, as was received by Montgomery upon his marriage.
Witness objected to, and overruled.
Declarations of defendant offered in ovi-*' dence and rejected.
Exceptions and assignment of error.
Where the possession of a slave is delivered by a father to his child, nothing being said, the relationship between the parties, will create a presumption, the transaction was a gift.
The competency of the evidence of this witness was objected to by Smith, but the objection was overruled, and the evidence permitted to go to the jury-
Smith then introduced a witness to prove, that after the marriage of his two other daughters, and before the marriage of his daughter to Montgomery, and after he had given the slaves to the two first married, he had declared his determination never again to give to any of his after married daughters, any slaves during his life; but that whatever advances he might make to them, should be a loan only. The evidence of this witness was objected to by the administrator, as being incompetent, and the objection was sustained, and the witness excluded.
Exceptions were taken to the opinion of the court, as well in admitting the evidence introduced by the administrator, and objected to by Smith, as in excluding the witness'introducedby Smith, and objected to by the administrator. The assignment of errors, question the correctness of such opinion of the court, upon the subject of evidence.
We perceive no solid objection, against the competency of the evidence which was introduced by the administrator, and suffered to go to the jury. To succeed in recovering the slaves, it was incumbent on the administrator to establish a right to the slaves in his intestate, Montgomery. It was in his character as administrator, that lie sought a recovery of the slaves, and it was only by proving the right of the intestate to them, that he could have any just hopes of success. That right was claimed to be derived through a gift of the slaves by Smith to *504 Ms daughter, upon her marriage with the intestate. There was no direct and positive evidence of such a gift. The slaves were proved to have been recei v-ed by Montgomery, after his marriage, from Smith, the father of his wife, but whether they were given by Smith, depends upon his intention at the time, and we cannot say that the evidence which was introduced by the administrator and which was allowed to go to the jury, was not in some degree calculated to prove the intention. It would not be going too far to say, that where the possesion of a slave is delivered by a father to a child, without any declaration at the time, of the purpose for which the delivery was made, the circumstance of the relation between them, will create a presumption of an intention to give; and if so, most assuredly, the presumption will be strengthened by evidence going to prove, that on previous occasions, the father had in like manner, given slaves to other of his children. It was not, therefore, we apprehend, incorrect to admit the evidence, which was allowed to go to the-jury.
Presumption that the delivery of a slave by a father to a child was a gift, is strengthened by proof that the father ' liad, on the like previous occasions, given slaves to his children.—
And—
To repel the presumption of the intention to make gift of slaves in such case, it would be competent to prove that the father, after making the gifts to his other children, had declared he would not again give slaves to his daughters, on their mar-but er advance-" ment he might make, should ho on 1o!uj.
*504 But in rejecting the testimony of the witness offered by Smith, we think the court erred. The evidence which we have said was properly admitted, is so considered because it would not be competent to infer an intention in Smith to give the slaves to the intestate, Montgomery, from the fact of his having in like manner, given slaves to other of his chit, dren. We draw the inference from the probability, that the intention must be the same, where the acts, and the motives to action^ are of a like nature. Whatever, therefore, tends to weaken that probability, must necessarily diminish the force of the presumption, and is, of course, proper evidence on the part of Smith. The rejected evidence is, we think, of that sort. It goes to prove, that before the slaves were delivered to Montgomery, and after the gifts were made to his other children, Smith had changed his determination with respect to the disposition of his property to his daughters, and had resolved not again to give any of them, who might thereafter marry, any of his slaves during Iris life. Evidence of this sort, most, undoubtedly, was well
Crittenden, for appellant; Wickliffe, for appellee.
calculated to show, that when the slaves were delivered to Montgomery, the intention of Smith may not have been the same that it was when he delivered the slaves to ids other children, and ought have been allowed to go to the jury, as conducing .to lessen the force of the presumption, which might otherwise be drawn from the evidence, in relation to the gift to his other children.
: The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.