(5 App. Div. 147.)

DEPIERRIS v. SLAVEN et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

1. TRUSTS—PAROL—EVIDENCE INSUFFICIENT.

The heir of a testator who had devised his estate absolutely to one of his executors testified that the co-executor of the devisee told him that the devise was made to expedite the settlement of the estate, under a parol agreement between the testator and themselves (executors) that when settled they would distribute the residue of the estate among the heirs; that when he charged the co-executor, in the presence of the devisee, with having made the declarations, the devisee did not deny the agreement. But it appeared that the co-executor at the time denied having made the declarations. *Held* insufficient to charge the executors with a parol trust to pay the residue of the estate to the heirs.

2. JUDGMENT—CONSTRUCTION.

A decision dismissing a complaint because there "was no evidence to prove the agreement set up in the complaint" means that there was not "sufficient evidence" for that purpose, though there was some competent evidence of it.

Appeal from special term, New York county.

Action by Maud Eva Slaven Depierris against Ellen A. Slaven and Henry B. Slaven, individually and as executors, to have the testator's estate in defendants' hands, of which defendant Ellen A. Slaven was, under the will, sole legatee, declared to be held by defendants under a parol trust for the heirs. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and O'BRIEN, JJ.

George H. Adams, for appellant.
A. H. Joline, for respondents.

RUMSEY, J. The plaintiff took no exceptions to any ruling made by the court upon the trial, and the only question presented is that

raised upon a general exception to the decision. That question is whether the decision was warranted by the evidence. The learned justice gave as a reason for dismissing the complaint that there was no evidence to prove the agreement set up in the complaint. This form of decision is criticised by the counsel for the appellant, who insists that it is equivalent to saying that there was no competent evidence for the consideration of the court, and that, if there was such evidence, then the court erred in making the decision, and it was a mistrial. We do not so construe the meaning of the decision. As we understand it, what the court said amounted to a holding that there was no sufficient evidence to prove the making of the agreement set up in the complaint, and therefore the question presented is simply whether, upon the whole case, the finding was warranted by the evidence, because, if it was, the judgment must be affirmed.

The action was brought by the plaintiff, who was a daughter of Moses A. Slaven, against the executors of his estate and Ellen A. Slaven, who is the sole devisee and legatee as well. The plaintiff was one of several children. Her claim is that, before the making of the will in which Mrs. Ellen Slaven was named as sole legatee, it was agreed between Moses A. Slaven and the two defendants that the will should be made substantially as it was for the purpose of enabling the defendants to close out the business of Slaven Bros., a firm composed of Henry B. Slaven and Moses A. Slaven, and that after the affairs of the firm were settled all the property of Moses A. Slaven should be divided among his four children, of whom the plaintiff was one. This allegation of the plaintiff amounted, as it will be seen, to a claim that the two defendants took the estate of Moses A. Slaven upon a parol trust to turn it over to the children. This was in direct antagonism to the terms of the will, by which the estate was devised absolutely to Ellen A. Slaven; and it was necessary for the plaintiff, in order to make out her case, to prove, not only that such an understanding was had between Henry B. Slaven and the testator, but that Ellen Slaven, the legatee, was also a party to it. It can easily be understood that any contract made between Henry B. Slaven and Moses A. Slaven, by which the property bequeathed in the will of Moses should be devoted to a particular purpose, different from that which was mentioned in the will, would be of no importance, as against one who was made by the will the sole legatee. The proof of the alleged agreement was made only by declarations of Henry B. Slaven contained in conversations between him and the plaintiff at a time long after the making of the will, and when Ellen A. Slaven was not present. These conversations it is not necessary to rehearse. It is sufficient to say of them that they were made a considerable time before the trial of the action. No other persons were present than the plaintiff and Henry B. Slaven, who is alleged to have made them. They were denied in toto by Henry Slaven, and they were subject to all the criticism which parol testimony of admissions of a party must always receive. For this reason we cannot say that the court erred in declining to accept the plaintiff's statement of these conversations as proof of facts alleged

in the complaint, in the face of the denial of Henry Slaven that any such conversations were had. But, if it had been proved to the satisfaction of the court that Henry Slaven made the declarations which the plaintiff says he made, still there would have been no sufficient ground for granting the plaintiff the relief asked in the complaint. The declarations of an executor as to the business of the estate, made when he is engaged in transacting the affairs of the estate, with reference to that business, are, no doubt, evidence against the estate, and, so far, may be relied upon to charge the estate with a liability in a particular matter. But the declarations here, if they were to be effective at all in this action, must have a far wider scope given to them. They were not given for the purpose of charging the estate with a liability, but they were given for the purpose of practically setting aside a bequest made by will, and taking away from the legatee all the benefit which the law gave to her. They had no effect upon the corpus of the estate, as tending to diminish it by charging it with a debt which the executor might be compelled to pay; but their only effect would be to require the court to say that the estate should not go in the direction in which the testator had said it should go by his will, but should be diverted to an entirely different purpose. It is quite clear that no such effect could be given to the declarations of an executor, standing by themselves, because the effect of it would be to use the declarations of one person to take away the estate belonging to another. Such declarations are never received in evidence against legatees under the will. Elwood v. Deifendorf, 5 Barb. 398; Church v. Howard, 79 N. Y. 415. It is entirely different from cases where the declarations of the executors, who were also legatees, were received in evidence to establish a trust ex maleficio, because there, the executors being legatees of the property in litigation, the declaration acted upon their estate. O'Hara v. Dudley, 95 N. Y. 403; Trustees v. Ritch, 91 Hun, 509, 36 N. Y. Supp. 576. In this case Henry B. Slaven had no beneficial interest in the property in question, and the effect of these declarations, if they were to be believed and to have the force which the plaintiff sought for them, was not to affect any rights of his as executor, but simply to require that he should turn over this estate to the children of Moses Slaven, and take it away from the legatee to whom it was given by the will. There is no principle which would permit such an extension of the effect of parol evidence, and for that reason when the plaintiff had rested her case the evidence was entirely insufficient to establish any cause of action as against Ellen Slaven, or to take away any rights which she had acquired under this will. The fact that the executor had made such an agreement, if that were true, would be, as we have said, sufficient to charge him with it, but it would not be sufficient to affect in the slightest degree Mrs. Slaven's rights under the will. It was sought to make these declarations binding upon her because it was claimed that the plaintiff substantially repeated in her presence the conversation which she had had with Henry B. Slaven some time before, and that, as Mrs. Slaven did not deny what was said at that time, it was claimed that she acceded to it. But this claim is entirely

fallacious. It is quite true that Mrs. Slaven said nothing during that conversation, but it is equally true that Henry B. Slaven promptly denied ever having had with the plaintiff any such conversation as she charged him with having, so there was no reason for Mrs. Slaven to say anything more than to quietly accept the denial which her husband made. The conversation had at that time certainly was no admission on her part of the truth of anything, because nothing was admitted by anybody. She was not asked anything about it, and there was no occasion, so far as appears, for her to say anything on the subject. So far as she was concerned, the learned justice who decided the case was technically correct when he said that there was no evidence to establish a cause of action, for that was a correct statement of the case.

The judgment must be affirmed. All concur.