(67 App. Div. 322.)

### BREESE v. GRAVES et al.

(Supreme Court, Appellate Division, Fourth Department. December 3, 1901.)

1. CERTIFICATE OF STOCK—TRANSFER—DELIVERY—QUESTION FOR JURY.

Where a certificate of stock issued to a husband has on its back a transfer to his wife, and her signature thereon below the transfer, and there is a dispute as to whether on his death, she being incompetent, the paper was found in a place indicating that it was in her custody, and there being no direct evidence as to whether it had been delivered to her, the question of delivery is for the jury.

2. SAME—EVIDENCE.

Where, in an action between the administrator of a wife's estate and the executors of her husband's will, there is an issue as to whether a certificate of stock issued to the husband, which has on its back a transfer to the wife, was ever delivered to her, and there is no direct evidence of a delivery, evidence that he thereafter collected the dividends and voted as owner of the stock is admissible.

3. EXECUTORS AND ADMINISTRATORS—ADMISSIONS—EVIDENCE.

Where, in an action between the administrator of the estate of a wife and the executors of her husband's will as to the ownership of a certificate of stock issued to him, and having on its back a transfer to her, the executors answer, admitting the transfer to her, and plead in avoidance, and afterwards file an amended answer, in which the transfer is denied, the original answer is admissible in evidence as an admission; the weight of the admission being for the jury.

Appeal from trial term, Onondaga county.

Action by Sidney B. Breese, as administrator of the estate of Catherine H. Graves, against Maurice A. Graves and another, as executors of the will of Nathan F. Graves, deceased. Appeal by plaintiff from a judgment adjudging that defendants were the owners and entitled to retain possession of a certain certificate for 50 shares of the capital stock of the New York State Banking Com-

pany, and for costs against plaintiff; also from the order denying plaintiff's motion upon the minutes for a new trial. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. G. Tracy, for appellant.
T. E. Hancock, for respondents.

HISCOCK, J. This action was originally brought by the plaintiff as committee of Catherine H. Graves, who had been adjudged to be an incompetent person. Subsequently, she having died, he was appointed her administrator with the will annexed, and as such substituted as plaintiff herein. The defendants are executors of the estate of Nathan F. Graves, who was the husband of said Catherine. The certificate of which recovery and possession are sought by plaintiff represented 50 shares of the capital stock of the New York State Banking Company, worth about $7,000. It was issued in 1877, and the question going to the merits of this controversy is whether at about that time it was transferred and delivered by Nathan F. Graves, in whose name it was issued, to his wife, Catherine. The transfer upon the back of the certificate was at that time filled out, and a transfer and assignment of said certificate in the usual form made by him to her. Beyond this fact, difficulty arises in determining whether there had ever been a delivery of the stock and transfer. Upon the certificate, below the above transfer, was indorsed the name of the wife, from which it is argued that the certificate must have been delivered to her, and been in her possession. Evidence was given upon the trial that Mr. Graves for many years, down to the time of his death, in 1896, collected the dividends and voted upon this stock. Evidence somewhat contradictory was also given as to the location of this scrip after his death; it being claimed by the plaintiff that it was so found with other property claimed to belong to Mrs. Graves as to indicate that in its custody he treated this also as her property, and it being claimed by defendants, upon the other hand, that it was not so found as to indicate any such thing. No witness was able to speak from personal knowledge with certainty upon the subject, and this question of a delivery was more or less surrounded by conjecture and speculation. Upon the evidence to which we have above referred, however, and some other facts which appeared in the case, the trial justice left this issue to be settled by the jury as a question of fact, with instructions to which no exceptions were taken; and we think this disposition was proper. Our attention upon this appeal, however, has been called to certain exceptions taken to the admission and rejection of evidence, one of which we think calls for a reversal of the judgment, and to some of the others of which we shall very briefly refer.

We think that the evidence in regard to the collection of dividends and the exercise of voting power by defendants' testator upon the stock in question, in connection with all of the other facts which appeared in the case, was proper. Some reference has been

made to what was legal and illegal in voting upon this stock. We do not think that that consideration is especially material. Any materiality which the evidence here referred to had was as indicating the attitude of the two dead people in regard to the ownership of this stock.

Defendants' counsel, upon the cross-examination of the defendant Stevens, was allowed, in spite of plaintiff's objection, to show by him that the relatives and presumptive heirs of Mrs. Graves were largely people of mature age and settled conditions in life, and that they were nonresidents of the city of Syracuse and state of New York. We can hardly fail to take notice of the fact claimed by appellant, and not denied by respondents,—that the will of Mr. Graves made provision for various public charities,—and that this fact was widely known and understood in the community where this case was being tried. The thought could hardly fail to arise in the mind of a juryman, even though not suggested by counsel, that a verdict in behalf of defendants would be much more beneficial for the community in which he lived than a verdict the other way. Under such circumstances, this examination, going with so much detail into the situation of Mrs. Graves' relatives, can scarcely be regarded as having been merely immaterial and entirely harmless. In view of the fact that we have decided to grant a new trial on account of exceptions next hereinafter to be considered, it is unnecessary to decide whether this evidence, standing by itself, would be sufficient to call for a reversal of the judgment herein, as it probably will be avoided upon another trial.

Defendants have served two answers in this case. The first one contained the following admission:

"And these defendants admit that on the 23d day of November, 1877, there was issued by the New York State Banking Company of Syracuse, N. Y., to the said Nathan F. Graves, a certificate (No. 2) for fifty shares of the capital stock of said company, and admit that the said Nathan F. Graves on the same day sold, assigned, and delivered the said certificate to the said Catherine H. Graves."

This admission related to the certificate in question. It was followed by other allegations which, if proved, would avoid its effect. Said answer was duly verified by both defendants. Thereafter an amended answer was served, which contained no such admission, but denied such transfer and delivery. Upon the trial plaintiff offered in evidence, as evidence simply, said admission; but it was objected to and excluded, which plaintiff claims, and we think, was an error calling for a new trial.

Several reasons are assigned by defendants why such admission should not have been received against them.

In the first place, it is urged that the amended answer has superseded and taken the place of the original one, and that therefore the allegations or admissions in the former cannot now be used against the defendants. This argument is undoubtedly correct, so far as it relates to the standing of the parties, and to the issues in this action as defined by the pleadings. The answer last served governs upon those questions, and quite displaces the first plead-

ing. But the paragraph in question was not offered as binding or conclusive upon defendants as to the issues which they might raise and try in this action. It was simply offered in evidence as evidence of a fact, as in a proper case any other declaration, either written or oral, outside of the pleadings, might be offered against the party having made the same. For this purpose the original pleading was not annulled or destroyed by the latter. Daub v. Englebach, 109 Ill. 267; Transportation Co. v. Hurd, 44 Hun, 17; Soaps v. Eickberg, 42 Ill. App. 375.

It is next urged that, even if such an admission would be binding upon and evidence against an individual, having been made by administrators it is not competent or admissible for the purpose of charging the estate represented by them. This objection must, of course, rest upon the broad general ground that admissions made by an administrator in the course of administering the estate which he represents are not, under ordinary circumstances, binding upon the latter. Our attention has been called to various cases holding that the admissions of one administrator or coexecutor are not binding upon his coadministrators or executors. That rule does not apply to this case. Especial reliance, however, is placed upon the case of Davis v. Gallagher, 124 N. Y. 487, 26 N. E. 1045, as sustaining the present ruling. In that case, for the purpose of charging the estate represented by the defendants, who were administrators, the attempt was made to show that when, by arrangement, plaintiff made a statement in regard to certain alleged claims against the estate in their presence, they did not make any objection thereto, and that their silence amounted to an admission of liability. The statements of plaintiff were made pursuant to an arrangement for a discussion of his claims between him and the defendants, and upon the trial it appeared that the defendants had no personal knowledge in regard to their validity. It was held that under those circumstances defendants could not very well object to his claims, and that the rule of silence amounting to an admission did not apply. This and some other objections to the evidence which are not pertinent here were sufficient to dispose of the case. It is true that the learned judge who wrote the opinion did use certain expressions running upon the line that declarations of an administrator would be competent when part of the res gestæ; that the res gestæ was "the transaction or subject-matter * * * out of which it was claimed the liability was incurred"; and that a declaration, "in order to become res gestæ, must be made contemporaneously with the event sought to be proved." Most attempts to establish liability of estates are based upon transactions with the decedent, rather than with the representatives after their appointment. If it were intended to formulate the foregoing expressions into the rule governing the reception as evidence of admissions and declarations of administrators and executors, such rule would be almost prohibitory of such reception. It would very seldom happen that an administrator or executor would have been present at the transaction with his intestate or testator out of which the alleged liability of the estate arose, and made declarations which could be produced against

him as admissions after he was appointed to take charge of the estate. We think, however, that it was not designed to lay down such a rule. Declarations and admissions of an ordinary agent are admissible against his principal, when made within the line of his duty and employment, and naturally relating and pertinent to and accompanying the matters and business then being transacted by him. The weight of authority justifies the application of the same general principle to the admissions and declarations of executors and administrators in such a case as that now before us.

In Church v. Howard, 79 N. Y. 415, it was held that statements made by an administrator while not acting in the discharge of his duties, or engaged in transacting business connected with or relating to the estate which he represented, and it not even appearing that he had been actually appointed and had qualified as such administrator, were not competent evidence against him in an action in behalf of the estate. There could, of course, be no doubt about such principles. It was in the same case, however, said:

"It would appear to follow, as a logical sequence of the decisions, that the admission made by a sole administrator or executor, or of all of them together, would be competent evidence and obligatory, if such admission was made while engaged in the performance of some act relating to the estate. The act should be such as called for and made the declaration pertinent, and the declaration should accompany such act, so as to constitute a part of the res gestæ. When such is the case, the admissions of an administrator may, we think, bind the estate."

It will be noticed that in the foregoing opinion the court defines the act giving rise to the res gestæ of which the admission of the administrator must be a part as the act which he is engaged in performing in behalf of the estate, rather than the original act of his intestate, out of which the original liability sprang, differing in this respect from the case of Davis v. Gallagher, already referred to.

In Whiton v. Snyder, 88 N. Y. 299, the testimony of the defendant in proceedings before the surrogate against him to discover property of the deceased was received in evidence. It was held that this was no error, as the defendant was sued individually; but the court, proceeding further, say:

"But if, because he was administrator, the proceeding for his examination must be treated as one against the estate which he represented, and his answer taken in that capacity, then certainly his admission was made while engaged in the performance of an act relating to the estate. He stood there in a legal proceeding, resisting claims to take away property of the estate, and answering legitimate inquiries relating to the subject of his trust, and his admissions were competent and part of the res gestæ."

See, also, Depierris v. Slaven, 5 App. Div. 147, 39 N. Y. Supp. 114; Bruyn v. Russell, 52 Hun, 17, 4 N. Y. Supp. 784.

Within the principles laid down in the foregoing cases, we think that the admission in question was competent evidence. An action was brought to charge the estate represented by the defendants with a liability. It was within the line of their authority and their duty to appear and defend in that action, and to serve such answer as would properly define, in behalf of the estate which they represented, the issues to be tried. This they did, and in the course of

so doing made the concession referred to, coupling with it, however, certain allegations, which, if established, would avoid its effect, and entitle them to a judgment in behalf of their estate. The admission was thus made by them while engaged in performing their trust, was most clearly of a nature which they had power to make, and related to the duty then being discharged.

Both of the defendants testified that they had no personal knowledge in regard to this transaction between Mr. and Mrs. Graves, and for this reason, also, it is urged that the admissions in question should not be received against them. We think, however, that this argument in this case goes to the weight, rather than the admissibility, of the admission. The facts in a given action might make it so conclusively apparent that an administrator had no knowledge, personal or otherwise, regarding a transaction of his intestate, as to render an admission by him in regard to it perfectly nugatory and valueless, and so that a court might perhaps hold, as matter of law, that his admission had no weight. In this case the defendants took charge of Mr. Graves' estate immediately after his death, and made certain examinations in regard to his papers, and the location and custody thereof. There is a dispute in regard to where this very certificate of stock was found by them, which has given rise to differing contentions by the respective parties. In the course of such examination and of their management of the estate they may have acquired knowledge which would enable them to form an opinion as to the matters covered by their admission in their pleading. We think that such considerations, viewed in the light of their evidence, are to be taken into account in determining the weight of their admissions, rather than be made the basis for entirely excluding them. In Pope v. Allis, 115 U. S. 363, 370, 6 Sup. Ct. 69, 29 L. Ed. 393, it was held that an allegation in a pleading, although made simply upon information and belief, was admissible in evidence against the party making the same; the fact that it was so made, instead of from personal knowledge, being an element by which to determine its weight, rather than calling for its exclusion.

The judgment and order appealed from, therefore, are reversed, and a new trial granted, with costs to the appellant to abide event. All concur.