(41 Misc. Rep. 338.)

### CROUSE v. JUDSON et al.

(Supreme Court, Trial Term, Onondaga County. August, 1903.)

1. GIFT—EVIDENCE.
   Where a father bought shares of stock, and had the certificate issued in his infant daughter's name, and after his death his administrators found the stock, together with other property belonging to the daughter and other members of his family, in his safe-deposit box, which stock his wife, one of the administrators, stated had been given the infant by her father, with proof of similar declarations made by him, which stock also was omitted from the inventory by the administrators, is sufficient evidence of a gift to such daughter.

2. ADMISSIONS BY ADMINISTRATORS.
   An admission by one of two administrators in regard to the estate while in the performance of his duties is admissible to charge the estate, though not conclusive.

Action by Charles E. Crouse, administrator, against Edward B. Judson, guardian of Florence Crouse Clark, and others, to recover the proceeds of certain shares of stock. Judgment for defendants.

Frank Hiscock, for plaintiff.
George Doheny, for defendant Judson.
Daniel A. Pierce and Howard W. Hayes, for defendant Florence Crouse Clark.
Charles L. Stone, for defendant George N. Crouse.

WRIGHT, J. On September 22, 1892, the deceased, George N. Crouse, wrote to Flower & Co., brokers in New York, instructing them to buy 200 shares of New York Air Brake stock, and to have the certificates of stock issued in the name of his daughter Florence B. Crouse, now Florence Crouse Clark, who was an infant of 12 years of age. He inclosed a draft for $6,000 in full payment for the same, which amount was placed to his credit, and two certificates, each for 100 shares, were delivered to him, made out in his daughter's name. They were a part of the original issue of certificates, and were entered on the books of the Air Brake Company in her name. These stock certificates were found by the administrators, Charles E. Crouse and Mrs. George N. Crouse, in a box of the deceased in the Onondaga Trust & Deposit Company's vault. They delivered them to the defendant E. B. Judson, the guardian of the children of the intestate. Judson sold the stock for $19,317.05, and holds the money for the person who may be adjudged to be the rightful owner. In the box in which the stock was found there were also various arti-

cles of property belonging to other members of the family. An opal ring, belonging to Mrs. Crouse, was found there; also a pearl pin, a watch with the initials F. B. C. on it, and a string of coral beads, all belonging to the defendant Florence Crouse Clark. The pin and the watch were turned over to her, but the mother kept the beads. The defendant Florence Crouse Clark testified on the trial that when Mr. Barnes, the secretary of the trust and deposit company, took the certificates out of the box of that company, he said, in the presence of the administrators, Mrs. Crouse and Charles E. Crouse (who were then engaged in their duties in ascertaining the property of the estate): "These don't belong to George N. Crouse. They are marked 'Florence Crouse,' and what are they?" And that she (Florence) thereupon said, "They are mine." And that her mother, Mrs. Crouse, thereupon said, "That stock was given to little Florence by her father." Dr. Van Duyne, a close friend of the Crouse family, testified that Mr. Crouse told him that he had given to little Florence some stock. A letter was given in evidence by the plaintiff, written by the defendant Florence Crouse Clark to her father, in which she refers to the air brake exhibit at the World's Fair at Chicago as "the one I have the stock in, or at least is in my name," and stating further, "I was interested in the large air brake exhibit."

These certificates constituted a part of the original issue of stock of the Air Brake Company, and were the only certificates of stock found by the administrators standing in the name of Florence. After the administrators found this stock in the vault of the trust and deposit company as above stated, an inventory of the property of the estate was made, containing a statement of personal property valued at over $348,000, and composed largely of stocks; no mention being made therein of this stock in question. The administrator and administratrix each verified the inventory in due form to the effect "that it contains a true statement of all the personal property of the estate of George N. Crouse, deceased, that has come to my knowledge."

The plaintiff, Charles E. Crouse, testifies, respecting the conversation between Mr. Barnes, Mrs. Crouse, and Florence, that Mrs. Crouse said: "This stock had been put in the name of her daughter by her husband to save its being assessed in the case the Air Brake stock was not good. It was put in her name for a purpose." The witness further adds: "They were having, as I understood at the time, a suit with the Westinghouse people." Respecting this version of the conversation given by the plaintiff, it may be remarked that it is difficult to see an adequate motive on the part of Mr. George N. Crouse to purchase this stock at all, paying the market price, if he apprehended an immediate liability to an assessment thereon, thus depreciating its value. Further, Mr. Crouse was engaged in active business, and dealt considerably in Wall street securities and stocks. That he should place this stock out of his power to dispose of it, or use it in business during the minority of his daughter solely for the purpose of avoiding an assessment thereon, as suggested, does not seem probable. In view of all the uncontradicted evidence, I am of opinion that the version of this conversation given by the defendant Florence Crouse Clark is the more probable one, and I therefore

adopt it. And the uncontradicted evidence also leads to the conclusion that the deceased, in his statement to Dr. Van Duyne, referred to this stock in question. The statement of Mrs. Crouse, above referred to, although it is not conclusive on the surviving administrator, yet having been made while the administrators were engaged in the performance of their duties respecting the estate, and in ascertaining what property belonged to it, it is proper for consideration, and should have its due weight. Breese v. Graves, 67 App. Div. 322, 73 N. Y. Supp. 167. And the same rule applies to the act of the administrators in omitting from the inventory all mention of this stock in question.

The only question involved in the case is, should a delivery of the stock as a gift be inferred from all the facts, which vested the title to the stock in the defendant Florence Crouse Clark? To constitute a valid gift there must be an intent to give on the part of the donor, a delivery of the thing given in pursuance of such intent, and acceptance on the part of the donee. Delivery may be either actual or constructive. It must divest the donor of possession and dominion over the thing given. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Schwind v. Ibert, 60 App. Div. 378, 69 N. Y. Supp. 921; Gilkinson v. Third Ave. R. R. Co., 47 App. Div. 472, 63 N. Y. Supp. 792. It must be secundum subjectam materiam, and be the true and effectual way of obtaining the command and dominion of the subject. Fulton v. Fulton, 48 Barb. 581. It depends to some extent on the character of the thing given and the relative situation of the parties. Matter of Wachter, 16 Misc. Rep. 137, 38 N. Y. Supp. 941. There must be a positive change of possession, and the donor must have put it out of his power to recall the gift or repossess himself of its subject-matter. Little v. Willets, 55 Barb. 125. Enough must be done to pass the title, and the act of transfer must be consummated. Martin v. Funk, 75 N. Y. 134, 31 Am. Rep. 446; Gannon v. McGuire, 22 App. Div. 43, 47 N. Y. Supp. 870. It must be shown that the decedent intended to divest himself of title in favor of the donee, and also that he accompanied his intent by delivery. Matter of O'Connell, 33 App. Div. 483, 53 N. Y. Supp. 748. Any act of the owner of a chose in action, showing not only a present intention to transfer, but that he regarded himself as having carried his intention into effect, is sufficient. Malone's Estate, 13 Phila. 313. The words "given" or "have given" and like expressions, in connection with other facts, have a forcible signification when the question of gift arises, as the following authorities illustrate:

In Re Townsend, 5 Dem. Sur. 147, it appeared that A. purchased bonds which he caused to be registered in B.'s name. The income from them he deposited in B.'s name. A. said at various times that he wished to create a fund for B.'s benefit. A. retained possession of the bonds, and they were found among his papers after his death. Held, that B. took title thereto by gift.

In the case of Grangiac v. Arden, 10 Johns. 293, the defendant Arden had purchased a lottery ticket with his own funds, on which he had written the name of his daughter, and deposited it in his desk. The ticket drew $5,000. It did not appear by direct testimony that

the daughter ever had the ticket in her possession, but the defendant had declared that it was hers. The court held that there was sufficient evidence of a delivery, saying in part:

"The evidence from which the jury have inferred a delivery is the declaration and acknowledgments of the defendant. * * * All these declarations refer to and recognize a gift as having been made. They afforded reasonable ground for a jury to infer that all the formality necessary to make it a valid gift had been complied with, and the right and title of the plaintiff to the money complete and vested."

In the case of Lord v. N. Y. Life Ins. Co., 66 S. W. 290, 56 L. R. A. 596, the plaintiff claimed an insurance policy which was found among the donor's papers at his banker's after his death. The plaintiff offered the testimony of several persons who testified that the donor had declared to them that the policy was his sister's. The jury found a verdict for the plaintiff. On appeal the judgment was affirmed, the court holding that there was sufficient evidence to support the finding of the jury that the policy was given to the plaintiff, and that actual delivery thereof might be implied from the evidence. The Supreme Court of Texas affirmed this decision, saying in part:

"The declarations of Richard Lord were competent to prove both gift and delivery. * * * It could not be true that it belonged to his sister Kate, * * * unless Lord had given it to her, and actually delivered it, because the right of property could not have passed without such act of delivery. * * * The Supreme Court of South Carolina, in passing upon a similar question, said: 'It is true that a delivery must be proved; but this is a question of fact for the jury, and, inasmuch as there can be no complete and legal gift without delivery, the very use of the term "gift" or "I have given" may sometimes be intended to include the delivery, and where, therefore, such declarations have been used by the donor, and they are admitted by the court as competent, we think it ought to be left to the jury to say whether the gift has been proved, including the delivery; and it ought not to be laid down as a rule of law to govern the jury that such declarations in themselves are insufficient to prove the gift.' Sprouse v. Littlejohn, 22 S. C. 358."

The taking of notes in the wife's name for money due the husband, he expressing to her his intention to make the gift, the depositing of them where she had access to them, and afterward placing them for safe-keeping, is held sufficient to constitute a gift without actual manual delivery. Scott v. Simes, 23 N. Y. Super. Ct. (10 Bosw.) 314. Where the donor repeatedly declared his intention to make a certain gift, subsequent admissions that he had made the gift are sufficient evidence of an actual delivery to complete the title of the donee, where it does not appear that the declarations were made in jest. Blake v. Jones, 1 Bailey, Eq. 141, 21 Am. Dec. 530. Even where the gift remained in the hands of the intestate till his death, a gift may be proved by acknowledgments of the donor if the jury are satisfied that it was attended with all the necessary formalities. Caldwell v. Wilson, 2 Speers, 75. Delivery of a gift inter vivos as between the donee and the donor's representatives may be proved by declarations of the donor. Gordon v. Young's Adm'r, 10 Ky. Law Rep. 681; Burney v. Ball, 24 Ga. 505; Sprouse v. Littlejohn, 22 S. C. 358. An actual delivery may be proved from the facts and circumstances, and need not be proved by witnesses who saw it made. Hitch v. Davis, 3 Md. Ch. 266. The relationship of the parties will sometimes aid in decid-

ing that a delivery of property was intended for a gift. Smith v. Montgomery's Adm'r, 21 Ky. 502.

Mr. Brantly, in his work on Personal Property, at section 195, says:

"In the case of gifts between parents and children living together, less proof is required to establish the delivery and separate possession of the donee than in other cases. * * * So where a father gives domestic animals, etc., to his daughter living with him, mere words of gift are sufficient to establish it, and the fact that the donor may continue to exercise some control over the thing is immaterial."

In this case the expressions and acts of Mr. Crouse clearly show his intention to make the gift, and that he regarded himself as having carried this intention into effect. In view of all the facts of the case and the weight of authority on the subject, it must be held that there was an actual and intentional delivery of the stock as a gift to the defendant Florence Crouse Clark, and an acceptance of the same by her.

It may be further remarked that the evidence, apart from the concession of the gift by the administratrix, and apart from the act of the administrator and administratrix in omitting the certificates of stock from the inventory, compels the same conclusion as above expressed, which is derived from a consideration of all the evidence. The gift being, therefore, in all respects valid and legal, judgment must be awarded against the administrator and in favor of the defendant Florence Crouse Clark. Findings and judgment may be prepared accordingly.

Judgment accordingly.