(83 Misc. Rep. 445)

### LEVY v. FRIEDMAN.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

1. EVIDENCE (§ 251*)—CLAIMS AGAINST ESTATE—DECLARATIONS OF EXECUTRIX.
    Declarations of a deceased executrix to a claimant to the effect that his claim was valid and would be paid were inadmissible, since the expression of her views or belief regarding the claim was not made in the discharge of her duties as executrix.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 983–988; Dec. Dig. § 251.*]

2. EVIDENCE (§ 251*)—DECLARATIONS OF EXECUTRIX.
    A declaration by an executrix does not bind the estate she represents, unless made while in the discharge of her duties as executrix.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 983–988; Dec. Dig. § 251.*]

3. MONEY LENT (§ 7*)—PRESUMPTION—DELIVERY OF CHECK.
    In the absence of explanation, the presumption arising from the delivery of a check is that it was delivered in payment of a debt, or else was a gift, and was not a loan.
    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jacob Levy against Emma Friedman, administratrix with the will annexed of Seymour Beutler. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Denis O'L. Cohalan, of New York City (Julian Arthur Leve and Daniel J. Mooney, both of New York City, of counsel), for appellant. Max Schleimer, of New York City, for respondent.

*For other cases see same topic & §·NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J.   This action was brought to recover a balance of $365, on an alleged loan of $400, made by defendant's decedent.   The answer is a general denial.   The original defendant, Matilda Beutler, administratrix with the will annexed of Beutler, died after the trial, and Emma Friedman, who succeeded her as administratrix with the will annexed, was substituted.

[1] Plaintiff testified that in January last he called on the former defendant executrix; and, under objection and exception, he testified: "I said: 'How about my money?'" That she said to him: "I found out that the indorsements on those checks were my son's.   I also found out that you loaned that money, and I have also found out that the money was not paid back to you.   *   *   *   I am not in a position for a few days to pay it yet, as I have only been appointed, and I had a hard time getting the appointment.   Now, if you come around in a few days, everything will be straightened out, and you will be paid." Also that he received a check from Dr. Friedman, a son-in-law of defendant executrix, for $35, and that the $400 loan was by check.   Two checks, aggregating the amount of the loan, drawn by plaintiff, one to Seymour Beutler and the other to bearer, and both indorsed "Seymour Beutler," were proved.

[2] A declaration by an executrix cannot bind the estate she represents, unless made while engaged in the discharge of her duties as executrix.   Church v. Howard, 79 N. Y. 415, 418, 419; Scully v. McGrath, 201 N. Y. 61, 64, 94 N. E. 195; Davis v. Gallagher, 124 N. Y. 487, 491, 492, 26 N. E. 1045.   Conversations between an alleged creditor of an estate and the executrix, in which the executrix, in answer to questions by the alleged creditor, gives her views or beliefs as to matters relating to the estate, do not establish a claim against the estate; nor do they bind the estate, because they are not made while the executrix is acting in discharge of her duties as executrix, nor while was transacting any business for the estate.   Nor do they amount to a settlement of any claim by or against the estate.   If every loose conversation by an executrix about an estate is an admission which binds it, no estate would be safe.   Church v. Howard, 79 N. Y. 415, 418, 420.

[3] In the absence of explanation, the presumption arising from the delivery of a check is that it was delivered in payment of a debt, or else was a gift, and was not a loan.   Leask v. Hoagland, 205 N. Y. 171, 177, 98 N. E. 395, Ann. Cas. 1913D, 1199; Nay v. Curley, 113 N. Y. 575, 577, 21 N. E. 698.   The cases holding that formal written admissions by executors in pleadings, accounts, inventories, also in written settlements or accounts stated, are prima facie evidence against the estate (Breese v. Graves, 67 App. Div. 322, 326–329, 73 N. Y. Supp. 167; Crouse v. Judson, 41 Misc. Rep. 338, 84 N. Y. Supp. 755), are not in point.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.