DE LACY et al. v. GILCHRIST.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. EVIDENCE (§ 452*)—PAROL EVIDENCE—LATENT AMBIGUITY.

A bill of sale by an individual to a corporation, whereby he transferred to it all of his stock of merchandise, secret processes, trade-marks, copyrights, office furniture, fixtures, machinery, and any and all other things used by him in connection with his butter and egg business, contains a latent ambiguity because not disposing of a certificate of membership in a mercantile exchange standing in the name of the individual, and parol evidence is admissible to show that title to the certificate passed to the corporation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2093–2101; Dec. Dig. § 452.*]

2. EVIDENCE (§ 251*)—ADMISSIONS—EXECUTORS—EFFECT.

Admissions by executors, while not acting in the discharge of their duties, cannot bind the estate; but where they, in the discharge of their duties, make admissions and act on behalf of the estate, their admissions and acts are prima facie binding on the estate.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 983–988; Dec. Dig. § 251.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by George C. De Lacy and another, as executors of Frank Crawford, deceased, against William K. Gilchrist, as assignee for the benefit of creditors of Frank Crawford, Incorporated. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William D. McNulty, of New York City, for appellant.

Harry C. Kayser, of New York City, for respondents.

GUY, J. The action was brought to replevin a certificate of membership of the New York Mercantile Exchange that stood in the name of plaintiffs' testator, Frank Crawford. The defense was that the certificate actually belonged to and therefore passed under an assignment made by the insolvent corporation, Frank Crawford, Incorporated, to defendant, for the benefit of its creditors.

[1] On April 20, 1912, decedent executed a bill of sale to the corporation, whereby he transferred to it "all of my stock of merchandise, secret processes, trade-marks, copyrights, office furniture, fixtures, machinery and any and all other things used by me in connection with the business heretofore conducted by me at 15 Harrison street." The trial judge decided the case in favor of the plaintiffs, holding that, under the terms of the bill of sale, the legal title to the certificate remained in Crawford; also that the testimony given by his executrix, tending to show a latent ambiguity and that the certificate belonged to the business, and not to Crawford's estate, was either incompetent or insufficient. It was proven, among other things, that after Crawford's death the business (now insolvent) paid the dues on the certificate. Plaintiff Shields, Crawford's executrix, also an officer of the Crawford Company and a partner of Crawford in his lifetime, testified that nearly all the people, whether individuals or officers of corporations, engaged, as was Crawford and his company, in the butter and eggs business, were members of the Mercantile Exchange; that in the transfer tax proceedings in Crawford's estate she had, as executrix, testified that she did not include the certificate in his assets, because it belonged to the corporation; that the inventory of Crawford's estate omitted the certificate as an asset of Crawford, because she regarded it as an asset of the corporation. The certificate was found in the corporate safe, where Crawford also kept his personal papers. It was turned over to the assignee of the corporation, who, supported by the executrix's affidavit, included the certificate in the probable corporate assets. There is latent ambiguity in the bill of sale, which parol evidence was competent to explain. Emmett v. Penoyer, 151 N. Y. 564, 567, 568, 45 N. E. 1041.

[2] Admissions of executors as such, in the course of their duty, are only prima facie evidence and only presumptively bind the estate. When made while the executors are not acting in the discharge of their duties, they do not and cannot bind the estate. Yet when executors, in the discharge of their functions, both make admissions and act on behalf of the estate, as did Miss Shields, their admissions and acts are prima facie binding on the estate. Whiton v. Snyder, 88 N. Y. 300, 307; Scully v. McGrath, 201 N. Y. 61, 64–66, 94 N. E. 195; Breese v. Graves, 67 App. Div. 322, 328, 329, 73 N. Y. Supp. 167.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.